Tanja HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–98–00279–CR.

Court of Appeals of Texas,
Austin.

March 4, 1999.

John C. Kuhn, Kuhn, Doyle & Kuhn, P.C., Austin, for Appellant.

Ken Anderson, District Attorney, John M. Bradley, Assistant District Attorney, Georgetown, for State.

Before Chief Justice ABOUSSIE, Justices KIDD and PATTERSON.

MACK KIDD, Justice.

The district court found appellant Tanja Hernandez guilty of possessing less than one gram of cocaine after accepting her guilty plea and hearing her judicial confession. Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp.1999). Appellant later moved to withdraw her plea, but the motion was overruled after a hearing. Pursuant to a plea bargain agreement, the court assessed punishment at incarceration in a state jail for two years and a $2500 fine, suspended imposition of sentence, and placed appellant on community supervision.

The State moves to dismiss this appeal for want of jurisdiction, citing appellant's failure to comply with Texas Rule of Appellate Procedure 25.2(b)(3).[1] Appellant's original and amended notices of appeal state that she seeks to appeal the voluntariness of her guilty plea. Neither notice states that the substance of this contention was raised by written motion and ruled on before trial, or that the district court granted permission to appeal. Rule 25.2(b)(3)(B), (C). The State's motion to dismiss requires this Court to determine the effect of the September 1, 1997, appellate rule amendments regarding notices of appeal in criminal cases.

By statute, criminal defendants in Texas have a general right to appeal following conviction. Tex.Code Crim. Proc. Ann. art. 44.02 (West 1979). The scope of this appellate right has been limited, however, for defendants who plead guilty. The court of criminal appeals has held that a defendant who knowingly and voluntarily pleads guilty waives all nonjurisdictional defects or errors that occurred before entry of the plea, including violations of federal due process. This has come to be called the *Helms* rule, after one of the first opinions to apply the rule. *Helms v. State,* 484 S.W.2d 925, 927

1. Rule 25.2(b)(3) provides:
   But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

   (A) specify that the appeal is for a jurisdictional defect;
   (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
   (C) state that the trial court granted permission to appeal.

(Tex.Crim.App.1972). The legislature modified the *Helms* rule in 1977 by adding a proviso to article 44.02. Under the proviso, if a defendant pleaded guilty or no contest before the court pursuant to a plea bargain agreement, and if the punishment assessed did not exceed that agreed to in the plea bargain, the defendant could appeal any matter raised by written motion filed prior to trial or for which he had the trial court's permission to appeal. Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940 (Tex.Code Crim. Proc. Ann. art. 44.02, proviso repealed by order of Texas Court of Criminal Appeals effective Sept. 1, 1986).

The article 44.02 proviso was replaced by the "but if" clause of former appellate rule 40(b)(1), the immediate predecessor to rule 25.2(b)(3). Tex.R.App. P. 40(b)(1), 49 Tex. B.J. 556, 566 (1986) (since repealed).[2] Rule 40(b)(1) was adopted on the assumption that the body of case law construing the article 44.02 proviso would prevail and still control. *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim. App.1994); *Lemmons v. State*, 818 S.W.2d 58, 62 (Tex.Crim.App.1991); *and see* Tex. Gov't Code Ann. § 22.108(a) (West 1988) (criminal appellate rules may not abridge, enlarge, or modify substantive rights). Pursuant to this understanding, the court of criminal appeals in three opinions construed rule 40(b)(1) to apply in a manner consistent with practice under prior law. First, the court held that a defendant subject to rule 40(b)(1) could not prosecute an appeal for a nonjurisdictional defect occurring before or after the guilty plea without the trial court's permission, even though rule 40(b)(1) by its terms applied only to errors or defects occurring prior to the plea. *Davis*, 870 S.W.2d at 46. Second, the court held that a defendant subject to rule 40(b)(1) could appeal a jurisdictional issue without the trial court's permission and without raising the issue in a

pretrial motion. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.1994). Third, the court held that a defendant subject to the "but if" clause could appeal the voluntariness of the plea even though rule 40(b)(1) did not expressly exempt that issue from its requirements. *Flowers v. State*, 935 S.W.2d 131, 133–34 (Tex.Crim.App.1996).

█ With that background, we turn to the scope of appellant's appeal under rule 25.2(b)(3), which replaced former rule 40(b)(1) effective September 1, 1997. In two respects, rule 25.2(b)(3) is substantively identical to former rule 40(b)(1). Because appellant's notice of appeal does not state that the trial court granted her permission to appeal, she cannot raise any issue for which such permission is necessary. Rule 25.2(b)(3)(C). And because her notice of appeal does not contain the necessary recital, she also cannot appeal the substance of any pretrial ruling. Rule 25.2(b)(3)(B). Rule 25.2(b)(3) differs from former rule 40(b)(1) with respect to jurisdictional issues. While an appellant may still raise a jurisdictional defect on appeal from a bargained plea of guilty or no contest, the notice of appeal must now specify that the appeal is for that purpose. Rule 25.2(b)(3)(A). To this extent, the new rule clearly overrules the holding in *Lyon.* Because appellant's notice of appeal does not contain the necessary recital, it does not invoke this Court's jurisdiction to consider a jurisdictional issue.

█ Finally, there is the question whether appellant may challenge the voluntariness of her guilty plea. On its face, rule 25.2(b)(3) does not authorize an appeal on this ground without the trial court's permission, or unless the issue is somehow raised by pretrial motion and ruled on before trial.[3] We do not infer from this that appellant's appeal is foreclosed, however, because rule 25.2(b)(3) is identical to the "but if" clause of

---

2. In pertinent part, rule 40(b)(1) provided:
   [B]ut if the judgment was rendered upon [the defendant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that oc-

curred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

3. An involuntary guilty plea is not a jurisdictional defect. *Flowers*, 935 S.W.2d at 134 n. 4.

former rule 40(b)(1) in this respect. The court of criminal appeals held in *Flowers* that a knowing and voluntary plea was an implied prerequisite for application of rule 40(b)(1), and that compliance with the rule was not necessary in order to raise the voluntariness issue on appeal. *Flowers,* 935 S.W.2d at 133. Because we find nothing in the text of the new rule to indicate that it was intended to overrule *Flowers* in whole or in part, we conclude that *Flowers* remains fully applicable to appeals under rule 25.2(b)(3).

Another court of appeals reached a different conclusion. *See Villanueva v. State,* 977 S.W.2d 693, 695-96 (Tex.App.—Fort Worth 1998, no pet.). The Fort Worth court held that a defendant who pleads guilty or no contest pursuant to a plea bargain may still challenge the voluntariness of the plea on appeal, but may do so under rule 25.2(b)(3) only with the permission of the trial court. In its opinion, the court gives three reasons for its conclusion. First, the court notes that the rule does not expressly exempt the voluntariness issue from its procedural requirements. *Id.* at 695. As we have already explained, the same was true of former rule 40(b)(1). Nevertheless, *Flowers* held that the voluntariness issue was not foreclosed by noncompliance with the rule.

Next, the Fort Worth court cites a portion of the comment to rule 25.2:

In felony cases in which the defendant waived trial by jury, pleaded guilty or nolo contendere, and received a punishment that did not exceed what the defendant agreed to in a plea bargain, the rule is amended to make clear that regardless of when the alleged error occurred, an appeal must be based on a jurisdictional defect or a written motion ruled on before trial, or be with the permission of the trial court.

Notes and Comments, Tex.R.App. P. 25.2; *see Villanueva,* 977 S.W.2d at 695. This comment draws the reader's attention to the absence of language purporting to limit the rule to errors or defects occurring prior to the plea. Such language had been present in

former rule 40(b)(1), but rendered nugatory by the opinion in *Davis.* To the extent the comment implies that a defendant must have the trial court's permission to challenge the voluntariness of her plea on appeal, it is in conflict with the holding in *Flowers.* Further, the notes and comments are not part of the rules themselves. *See* Final Approval of Revisions to the Texas Rules of Appellate Procedure, order 7 (Tex.Crim.App. Aug. 15, 1997). To the extent the comment conflicts with the holding in *Flowers,* we believe the prudent course is to follow *Flowers* unless and until the court of criminal appeals clearly states that we are to do otherwise.

Finally, the *Villanueva* opinion relies on a statement by two former court of criminal appeals judges. Statement Accompanying Approval of Revisions to the Texas Rules of Appellate Procedure, 60 Tex. B.J. 408 (Tex. Crim.App. Mar. 20, 1997); *see Villanueva,* 977 S.W.2d at 695. In this statement, Judges Baird and Overstreet wrote that rule 25.2 "overrules *Flowers* " and that "[u]nder Rule 25.2, a defendant will be precluded from raising on appeal a complaint challenging the voluntariness of the negotiated plea." While the *Villanueva* court says that it finds this observation persuasive, we note that the court does not apply it literally. *Villanueva* does not go so far as to hold that the voluntariness of a bargained plea of guilty or no contest is not appealable, but holds only that the defendant must first obtain the trial court's permission to raise the issue on appeal. With all due respect, we are not persuaded that the unanimous opinion in *Flowers* was overruled *sub silentio* by rule 25.2(b)(3).

■ For the reasons stated, we hold that the voluntariness issue is not subject to the procedural requirements of rule 25.2(b)(3). Appellant's notice of appeal is sufficient to invoke this Court's jurisdiction to consider the voluntariness of her guilty plea. The State's motion to dismiss for want of jurisdiction is overruled.[4]

---

4. Although the motion to dismiss is not based on this, the State notes in its brief that appellant waived her right to appeal. The waiver was not binding, however, because it predated her sentencing. *See Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex.Crim.App.1977); *Ex parte Townsend,* 538 S.W.2d 419, 420 (Tex.Crim.App.1976).

■ Appellant is not a United States citizen. By her first point of error, appellant contends she did not knowingly and voluntarily plead guilty because she was not properly admonished regarding the likelihood of deportation. *See* Tex.Code Crim. Proc. Ann. art. 26.13(a)(4) (West 1989). The admonitions required by article 26.13(a) may be made orally or in writing. *Id.* art. 26.13(d). The clerk's record contains a written admonishment form with all the admonitions required by the statute, including the possibility of deportation if the defendant is not a citizen. These written admonishments are accompanied by a statement signed by appellant and her attorney confirming her understanding of the admonitions and her awareness of the consequences of her plea. *See id.* To the extent this point of error asserts noncompliance with article 26.13(a)(4), it is without merit.

Appellant argues that despite facial compliance with article 26.13(a)(4), the record otherwise demonstrates that she did not understand that her guilty plea would result in deportation to her native Germany, and that this lack of understanding rendered her guilty plea involuntary. It is basic that a guilty plea must be freely, knowingly, and voluntarily made. *See Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Ex parte Evans,* 690 S.W.2d 274, 276 (Tex.Crim.App.1985). *See also Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (record must disclose that defendant's guilty plea was knowing and voluntary); Code Crim. Proc. art. 26.13(b) (court shall not accept guilty plea unless it appears to be free and voluntary). Appellant first contends she did not understand the statutory admonishments and the advice of her attorney regarding deportation because she does not understand English. We will address this contention when discussing the second point of error. Second, she contends she was incorrectly told that a guilty plea *might* result in deportation, while in fact federal law makes deportation mandatory upon conviction for a controlled substances offense. Appellant refers us to a federal statute providing that "[a]ny alien who at any time after admission has been convicted of a violation of ... any law or regulation of a State ... relating to a controlled substance" is among a class of deportable aliens who "shall, upon the order of the Attorney General, be removed...." 8 U.S.C.A § 1227(a)(2)(B)(i) (West Supp.1998).

The attorney who represented appellant before and at the time she pleaded guilty testified at the hearing on appellant's motion to withdraw her plea. The attorney said that he "didn't know the exact ramifications of the plea" with regard to appellant's immigration status, but told appellant before she pleaded guilty that "she may be deported" because of the conviction and advised her to seek the advice of an immigration law expert. Appellant's husband testified that he understood the attorney to say that "she had a chance [to remain in the United States], through immigration, if she would have an immigration lawyer." Appellant testified that she was told by her attorney that "I could—may be deported, but he didn't tell me that it would be automatically." Asked if her attorney "led you to believe that most likely you would be staying in this country after entering the plea," appellant replied, "He said I have a chance, yes."

■ The rule that a guilty plea must be voluntary is not without limits, especially as it concerns collateral consequences. *See Ex parte Evans,* 690 S.W.2d at 277. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into the decision. *Id.* (quoting *Brady,* 397 U.S. at 757, 90 S.Ct. 1463). If a defendant is fully advised of the direct consequences of her plea, her ignorance of a collateral consequence does not render the plea involuntary. *Ex parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App.1997) (citing *United States v. Long,* 852 F.2d 975, 979–80 (7th Cir.1988)). Deportation is a collateral consequence of a guilty plea. *Jimenez v. State,* No. 0071–98, slip op. at 4–5, 1999 WL 93371 (Tex.Crim.App. Feb. 17, 1999). An admonishment regarding the possibility of deportation is not constitutionally required. *Id.*

■ In this cause, appellant was not ignorant of the effect her guilty plea would have on her immigration status. By her own admission, she understood before pleading guilty that a conviction might lead to her deportation. While appellant may have underestimated the likelihood of deportation, this did not render the guilty plea involuntary. *See Morrow,* 952 S.W.2d at 535–37 (counsel's failure to advise defendant that guilty pleas could be used against him in future criminal proceedings did not render pleas involuntary); *Evans,* 690 S.W.2d at 278–79 (counsel's erroneous advice regarding parole eligibility did not render guilty plea involuntary). Point of error one is overruled.

■ Next, appellant contends her guilty plea was not knowingly and voluntarily made because she does not understand English, and therefore did not fully understand her attorney's advice or the proceedings against her. The attorney testified that appellant's husband "said she doesn't speak English that well" and that he often communicated with appellant through her husband. However, he also testified that he "spoke extensively" with appellant on the day of the plea and that "I felt that she understood what I was saying." Appellant's husband testified that appellant has a conversational command of English, but could not read English well and did not understand legal terms. He acknowledged being able to communicate with appellant even though he does not speak German. Appellant testified that she sometimes misunderstood what her attorney told her, that she did not understand the written admonishments, and that she thought she was pleading guilty to a misdemeanor.[5] Appellant acknowledged during cross-examination that the presentence investigation report states that her primary language is English, but said that was an error. On the other hand, she also stated that she had no difficulty communicating with the probation officer in English.

Appellant did not ask for an interpreter at the guilty plea proceeding. She answered several of the court's questions before indicating that she did not understand when asked if she wished to waive the reading of the information. Counsel told the court that appellant is from Germany, and briefly conferred with appellant. Appellant then told the court, "You can go on. Thank you." The proceeding continued, and there is no further indication that appellant did not understand what was happening. The court asked appellant, "I'll ask you if you read and write the English language, have you gone over this document [the admonishment form] with your lawyer, did you understand it fully, and did you sign it voluntarily." Appellant answered affirmatively.

■ A defendant who does not request an interpreter waives the right to complain on appeal, unless the record otherwise demonstrates the defendant's lack of understanding of the proceedings. *Villarreal v. State,* 853 S.W.2d 170, 171 (Tex.App.—Corpus Christi 1993, no pet.) (citing *Baltierra v. State,* 586 S.W.2d 553, 559 (Tex.Crim.App. 1979)). That a defendant may be more fluent in another language does not require the appointment of an interpreter. *Cantu v. State,* 716 S.W.2d 688, 689 (Tex.App.—Corpus Christi 1986, no pet.). A single nonresponsive answer by the defendant does not establish the need for an interpreter. *See Brazell v. State,* 828 S.W.2d 580, 582 (Tex. App.—Austin 1992, pet. ref'd).

There is nothing in the record from appellant's guilty plea to indicate that she did not understand the admonitions or the proceedings. Although appellant later testified to her lack of understanding at the hearing on her motion to withdraw her plea, the court was not obligated to accept this testimony as true. We note that the same judge heard both the guilty plea and the motion to withdraw the plea, and was in the best position to judge appellant's understanding of the proceedings and the credibility of her testimony. With respect to the critical issue of appellant's immigration status, the record clearly demonstrates that appellant understood what she was told by her attorney and by the court. We find no basis in the record for

---

5. Appellant testified through an interpreter at the hearing on her motion to withdraw the guilty    plea.

concluding that the district court should have appointed an interpreter for appellant on its own motion. Point of error two is overruled.

Finally, appellant contends she did not knowingly and voluntarily plead guilty because she did not receive effective assistance of counsel. This point is essentially a restatement of the first. Appellant complains that her attorney was ineffective because, even though he told her that she might be deported upon conviction, he did not tell her that deportation was a certainty under current law.

When a defendant pleads guilty on the advice of counsel and subsequently challenges that plea based on ineffective assistance of counsel, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that the defendant would not have pleaded guilty but for counsel's errors. *Morrow*, 952 S.W.2d at 536. Appellant does not satisfy the first prong of this test because her attorney had no duty to inform her of the potential collateral consequences of the plea. *Id.* Deportation is a collateral consequence. *Jimenez*, slip op. at 4–5. Any flaw in counsel's advice regarding this subject did not render the guilty plea involuntary. Point of error three is overruled.

The judgment of conviction is affirmed.