TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00463-CR

Francisca Rucker, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. CR97-310, HONORABLE WILLIAM BENDER, JUDGE PRESIDING

After accepting her guilty plea and judicial confession, the district court adjudged
appellant Francisca Rucker guilty of driving while intoxicated, third offense. See Tex. Penal Code
Ann. §§ 49.04(a), .09(b) (West Supp. 1999). Pursuant to a plea bargain, the court assessed
punishment at imprisonment for eight years and a $1000 fine, suspended imposition of sentence,
and placed Rucker on community supervision.

By two points of error, Rucker contends the district court did not admonish her
regarding the possibility of deportation and that, as a consequence, her guilty plea was not
knowingly and voluntarily made. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West 1989). 
Rucker points out that she told the court, in response to its inquiry, that she is not a citizen of the
United States. Rucker states that she would not have pleaded guilty had she known this would
result in her deportation.

The admonishments required by article 26.13 may be made orally or in writing. 
See id. art. 26.13(d). While the district court did not orally admonish Rucker regarding the
possibility of deportation, the State introduced in evidence a written admonishment form signed
by Rucker and her attorney containing the admonishment required by article 26.13(a)(4). This
document reflects that Rucker understood the admonishments and was aware of the consequences
of her plea. Article 26.13(a)(4) was satisfied. See Hernandez v. State, 986 S.W.2d 817, 821
(Tex. App.--Austin 1999, pet. filed). Point of error one is overruled.

Because Rucker's assertion that her guilty plea was involuntary rests on her
contention that article 26.13(a)(4) was violated, it necessarily fails. See also State v. Jimenez, 987
S.W.2d 886, 888-89 (Tex. Crim. App. 1999); Hernandez, 986 S.W.2d at 821-22. The affidavit
attached to Rucker's amended motion for new trial, stating that she did not receive the written
admonishment form and did not understand she would be deported, is not evidence. See Rios v.
State, 510 S.W.2d 326, 328-29 (Tex. Crim. App. 1974). Point of error two is overruled.

 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 29, 1999

Do Not Publish