TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00077-CR







John Scott McGrath, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 98-468-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







Appellant John Scott McGrath pleaded guilty to forgery of a credit card slip. See
Tex. Penal Code Ann. § 32.21(b), (d) (West 1994). The district court adjudged him guilty and
assessed punishment at incarceration in a state jail for two years and a $2500 fine. The court
suspended imposition of sentence and placed appellant on community supervision.

The district court's judgment reflects that the punishment assessed is in accord with
a plea bargain agreement. By his third issue on appeal, appellant asserts that his plea was not
voluntarily made because the agreement was not clearly stated or understood by the parties. The
voluntariness of a negotiated guilty plea may be raised on appeal without regard to appellate rule
25.2(b)(3). See Hernandez v. State, 986 S.W.2d 817, 820 (Tex. App.--Austin 1999, pet. ref'd);
Tex. R. App. P. 25.2(b)(3).

The record contains a two-page document executed contemporaneously with the
guilty plea. The first page contains the admonishments required by statute. See Tex. Code Crim.
Proc. Ann. art. 26.13(a) (West 1989). The second page contains waivers of certain rights, a
judicial confession, and a statement of the plea bargain. In exchange for appellant's guilty plea,
the State agreed to recommend two years in a state jail, probated for five years, a $2500 fine, and
thirty days in jail as a condition of probation. Appellant's signature and that of his then-counsel
appear immediately below the statement of the agreement.

Appellant appeared in court with counsel on the same day the plea document was
signed. The proceedings began with defense counsel's statement, "Judge, this is an unnegotiated
plea." Appellant then pleaded guilty, was questioned by the court about his understanding of the
proceedings and of his waivers, and, after being sworn, acknowledged the truth of the allegations
in the indictment. After appellant testified, the following exchange between the court and the
parties took place:


THE COURT: This [the guilty plea document] has an offer on it. You are
rejecting that offer, is that what you are saying? 


MR. PITTS [defense counsel]: Yes, sir, we wanted for you to have an opportunity
to read the pre-sentence investigation; and we wanted to put on some brief, very
brief testimony.


MR. TORREY [prosecutor]: . . . There is a plea bargain on State's Exhibit No.
1 that you have represented that you are going to take, except for your opportunity
to argue your case in terms of the service of jail time.


MR. PITTS: That's correct.


. . .


THE COURT: You are taking the two years probated for five years?


MR. PITTS: Yes, sir. Yes, sir.



The court then announced that it found appellant guilty and reset the cause for sentencing.

Two months later, appellant returned to court with new counsel. Through counsel,
appellant asked to withdraw his guilty plea on the ground that there had been no meeting of the
minds regarding the terms of the agreement. The only testimony relevant to the motion to
withdraw the plea was from appellant's original counsel. Counsel testified:


[M]y understanding as to the plea bargain agreement was that we were agreeing
to the State's recommendation of the five years probated period, suspended
sentence, and we were agreeing to the $2500 fine . . . but we were not agreeing
to the 30 days. It was my intention and my understanding that we would have a
hearing on sentencing and introduce evidence favorable to my client's position that
the sentence was too harsh . . . and we didn't feel the 30 days was necessary or
just. And my understanding, and I think my client's understanding also, was that
that was our game plan, was to appear, offer testimony in opposition to the 30-day
jail condition.



Appellant did not testify. After hearing arguments, the court announced its ruling:


I recall this, and it was never -- never any question, any confusion as far as I was
concerned, and I think it was fairly clear from everybody that was talking on the
record here that the plea bargain was two years, probated for five, and a $2500
fine, and that the 30 days in jail was part of a plea bargain. And Mr. Pitts had
argued that he wanted to have a chance for a pre-sentence report to be prepared,
I assume to show how shiny his client was, and then come in and argue to me that
I should probate the 30 days or in some way consider those 30 days to hang over
his head in case he didn't straighten out and fly right or something like that, which
is not unusual for people to come in and argue they want to do weekend CSR,
which is no jail time in Williamson County at all, and that might have been an
argument Mr. Pitts would have made . . . . 


. . .



We have lots of alternatives for jail time on sentences like this, and one of the ones
that is used every day is CSR, where they go on weekends and work on CSR
projects and never go to jail, never spend a day in jail. In fact, I would say the
vast majority of these 30-day sentences are served that way. So, there was nothing
unusual about Mr. Pitts saying, "I want to be able to come in here and argue and
talk to you, Judge, about this 30 days in jail." That's not anything unusual at all.


If I thought your client was confused about this plea bargain, I would allow
you to withdraw it. I don't think there's any way there was any confusion on this. 
So, I am going to go forward.



After overruling the motion to withdraw the guilty plea, the court assessed punishment and
suspended imposition of sentence. On the State's motion, the court did not impose the thirty days
of jail time as a condition of supervision.

The record supports the court's finding that the plea bargain was accurately stated
in the written plea agreement, with the manner in which appellant would serve the thirty-day jail
time condition subject to argument. This was the court's understanding of the agreement and,
according to his testimony, defense counsel's understanding as well. Counsel testified that he
believed appellant understood the terms of the bargain and there is no evidence otherwise. 
Contrary to appellant's argument, the initial confusion regarding the plea bargain does not, as a
matter of law, compel either the conclusion that no agreement existed or that appellant did not
know and understand the terms of the agreement. We must review the record as a whole, not just
those portions that support appellant's argument. Whether reviewed for an abuse of discretion
or de novo, the district court's conclusion that appellant's guilty plea was voluntarily made has
not been shown to be error. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)
(review of mixed questions of law and fact). Issue three is overruled.

Appellant's remaining issues on appeal are that he was denied a hearing on his
motion for new trial (issue one), that he was denied counsel at the new trial hearing (issue two),
that the court did not substantially comply with article 26.13(a) (issues four and five), and that the
court should have permitted him to withdraw his guilty plea (issue six). Appellant's notice of
appeal does not state that he has the district court's permission to raise these issues. See Tex. R.
App. P. 25.2(b)(3)(C). As a consequence, we are without jurisdiction to consider them.

The judgment of conviction is affirmed.



 


 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: December 23, 1999

Do Not Publish



eement was that we were agreeing
to the State's recommendation of the five years probated pe