Isreal Rodriguez Leal v. SOT



NUMBER 13-99-779-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


ISRAEL RODRIGUEZ LEAL, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court of Jackson County, Texas.

____________________________________________________________________



MEMORANDUM OPINION


Before Justices Hinojosa, Castillo, and Amidei (1)

Opinion by Justice Hinojosa


A jury found appellant, Israel Rodriguez Leal, guilty of possession of marihuana and assessed his punishment at twenty
years imprisonment. In five issues, appellant complains that the trial court abused its discretion by failing to provide him
an interpreter and that he received ineffective assistance of counsel during trial. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

In his first, second, and third issues, appellant contends the trial court erred by failing to sua sponte appoint an interpreter to
translate the proceedings for him.

Article 38.30(a) of the code of criminal procedure requires the trial court to appoint an interpreter for a defendant who
"does not understand and speak the English language." Tex. Code Crim. Proc. Ann. art. 38.30(a) (Vernon Supp. 2001).
The right to an interpretation of the proceedings is based on the defendant's right under the Sixth Amendment of the United
States Constitution and article one, section 10 of the Texas Constitution to confront the witnesses against him. See
Baltierra v. State, 586 S.W.2d 553, 559 (Tex. Crim. App. 1979). Unless the trial court is aware that the defendant needs an
interpreter, he waives his right to complain about the lack of an interpreter where he does not object or file a motion
requesting an interpreter. Id. at 558. Baltierra places the onus upon the trial court to inquire whether the accused's rights
would be safeguarded in the absence of an interpreter when the ability of the defendant to speak and understand English is
raised to some extent. Id. at 559 n.9. Appellant's greater fluency in Spanish than in English does not, by itself, compel the
appointment of an interpreter. See Hernandez v. State, 986 S.W.2d 817, 822 (Tex. App.-Austin 1999, pet. ref'd).

The record in this case reflects appellant did not file a motion requesting an interpreter and did not object to the trial court's
failure to appoint one. (2) Thus, we must examine the record to determine whether the trial court should have inquired into
this issue sua sponte. See Vasquez v. State, 819 S.W.2d 932, 937 (Tex. App.-Corpus Christi 1991, pet. ref'd).

During trial, the judge asked appellant's counsel:

you had told me earlier in the day before we began voir dire that you were comfortable that your client could speak enough
English to where he could assist you in his defense, and that you would only be asking the Court to provide an interpreter in
the event that Mr. Leal was to testify. . . . I had made arrangements for an interpreter to be here tomorrow morning, and in
that event. . . .



Appellant's counsel then stated, "Your Honor, as you were saying that, I was going through my mind that if I'm doing this,
of course, now, I will not - my client will not testify, so we won't need the interpreter at all."

Our review of the record shows that: (1) during trial, appellant responded a few times when spoken to in English; (2)
Officer Rios testified that he was able to communicate with appellant in English; (3) appellant's counsel informed the trial
court that he would not need an interpreter for appellant; (4) outside the presence of the jury, appellant answered multiple
questions posed to him in English by his counsel; and (5) during the motion for new trial hearing, the prosecutor
established multiple instances when appellant actually began answering counsel's questions before the interpreter had an
opportunity to translate the question into Spanish. Under these circumstances, we conclude the trial court did not err in
failing to sua sponte appoint an interpreter for appellant. We overrule appellant's first, second, and third issues.

In his fourth and fifth issues, appellant complains that he received ineffective assistance of counsel because his trial
counsel: (1) failed to object to numerous instances of prejudicial hearsay and inadmissible evidence, and (2) waived
appellant's right to an interpreter by representing to the trial court that appellant spoke sufficient English.

Claims of ineffective assistance are analyzed under the rule set forth in Strickland v. Washington, 466 U.S. 668 (1984), and
adopted by the court of criminal appeals in Hernandez v. State, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986). The
Stricklandstandard applies to ineffective assistance of counsel at both the guilt-innocence and punishment phases of the
proceedings. Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). The burden of proving ineffective assistance of
counsel is on the appellant and is one which requires proof by a preponderance of the evidence. Stafford v. State, 813
S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991)

We find no evidence in the record establishing that appellant's counsel rendered ineffective assistance. Therefore, we
overrule appellant's fourth and fifth issues on appeal.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

26th day of July, 2001.

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Appellant first complained of the lack of an interpreter in his motion for new trial.