COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| DIEUDONNE KAZABUKEYE, | | No. 08-10-00113-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 371st Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1185922R) |
| | § | |
| | § | |

**O P I N I O N**

Duiedonne Kazabukeye appeals his convictions for intoxication manslaughter (Count 1) and manslaughter (Count 2). In four issues, Appellant challenges the trial court's decision not to provide him an interpreter for pretrial proceedings, the voluntariness of his waiver of trial by jury, and the factual sufficiency of the evidence supporting his convictions. In an additional two issues, Appellant contends that the convictions violate the constitutional prohibition against double jeopardy. In its appellee's brief, the State concedes that Appellant's convictions for intoxication manslaughter (Count 1) and manslaughter (Count 2) do constitute double jeopardy violations, and requests that this Court vacate the second conviction.

On May 2, 2009, Appellant was driving several people to Dallas after an evening visiting friends. Eighty-six-year-old Sezalia Ntahorutari was one of the passengers in the back seat of the car. As he exited a freeway, Appellant abruptly turned the vehicle crashing into a highway safety barrier. Ms. Ntahorutari suffered multiple spinal fractures, a brain hemorrhage, and other broken

bones. Although emergency room physicians initially stabilized Ms. Ntahorutari, her respiratory function began to fail on May 5, and she died on May 9, 2009 due to complications from her injuries.

Appellant was indicted for intoxication manslaughter involving a deadly weapon, and manslaughter. Appellant plead not guilty, and signed a "Waiver of Jury Trial" for a bench trial. Fort Worth Police Department Officer E.A. Bently was the State's first witness. Officer Bently performed the intoxication investigation at the scene of the collision, and concluded that Appellant was driving while intoxicated at the time of the crash. In addition to Appellant's performance on the field sobriety tests, Officer Bently testified that he located a half-empty bottle of vodka, and an empty twenty-four ounce beer can in the front passenger floor well of Appellant's vehicle. During the investigation, Appellant admitted to the officer that he had a few drinks that evening. Appellant was subjected to an intoxilyzer test later that evening. Officer Bently testified that the test indicated Appellant's blood alcohol level was approximately .260, and opined that Appellant's performance on the field sobriety tests was indicative of that level of intoxication. Tarrant County Medical Examiner Mark Fondren confirmed Officer Bently's testimony regarding the level of alcohol in Appellant's system. Mr. Fondren also testified that regardless of Appellant's individual tolerance, the amount of alcohol in Appellant's system would have impaired his mental and physical facilities beyond the point where he could safely operate an automobile.

Appellant chose to testify in his own defense. According to Appellant, the collision happened when he tried to pull the car over because the windshield fogged up during a severe rainstorm. He crashed into the barrier while he was attempting to wipe the moisture off the

inside of the windshield. He also denied that the vodka bottle and beer can in the car were his, and testified that he had only consumed two beers that evening.

The State's final witness Tarrant County Probation Officer Stephanie Wilson spoke with Appellant several weeks after the collision. During the interview, Appellant told Ms. Wilson that he drank "a couple of times a week," and admitted that he had been drinking the night of the crash. Appellant told Ms. Wilson that the collision happened after he realized he was about to pass his exit, and made a last minute attempt to direct the car onto the exit ramp. He did not mention anything about problems with the windshield or the ventilation system.

The court convicted Appellant of both offenses, found that a deadly weapon, an automobile, was used to commit the offenses. The court sentenced Appellant to fifteen years' imprisonment for each conviction, sentenced to run concurrently.

In Issues One, Three, and Four Appellant presents several arguments on the basis that he was denied his right to trial by jury due to the trial court's failure to provide him with an interpreter during pretrial proceedings. Although Appellant speaks and understands English, his native language is Kurundi.[1] During trial, on its own motion, the court provided Appellant with a Kurundi interpreter. Appellant did not have the assistance of an interpreter during pretrial hearings, and there is no record that he requested an interpreter during any part of the proceedings. On appeal, Appellant argues that he was denied his right to due process and his right to trial by jury because he was not provided an interpreter at pretrial, and that because of the

---

[1] Appellant was born in Burundi in 1976. He emigrated to the United States with his family in 2004. Since moving to the U.S., Appellant has worked numerous jobs and obtained his commercial driver's license. At the time of trial, Appellant worked for the Central Refrigerator Company located in Grand Prairie, Texas.

language barrier, he did not knowingly waive his right to a jury trial.

Article 38.30 of the Texas Code of Criminal Procedure provides a criminal defendant with the right to request that the trial court appointment an interpreter. TEX.CODE CRIM. PROC.ANN. art. 38.30(a)(West Supp. 2010). The code requires a trial court to appoint an interpreter when it determines that the defendant does not speak or understand English. TEX.CODE CRIM. PROC.ANN. art. 38.30(a). However, unless the record affirmatively demonstrates that the defendant was unable to understand the proceedings due to a language barrier, a defendant must request an interpreter in order to preserve the complaint for appeal. *Hernandez v. State*, 986 S.W.2d 817, 822 (Tex.App.--Austin 1999, pet. ref'd). The fact that a defendant may be more fluent in a language other than English does not require the trial court to appoint an interpreter. *Flores v. State*, 509 S.W.2d 580, 581 (Tex.Crim.App. 1974).

Despite the appearance of a Kurundi interpreter at trial, there is no record in this case that Appellant requested the assistance of an interpreter pursuant to Article 38.30(a). Accordingly, Appellant has waived the issue. *See Hernandez*, 986 S.W.2d 822. Furthermore, absent Appellant's complaint that he was not provided an interpreter, Appellant raises no alternative bases for this Court to consider his argument that he was deprived of his rights to due process and trial by jury. Accordingly, Issues One, Three, and Four are overruled.

In Issue Six, Appellant contends that the evidence is factually insufficient to support his conviction. However, since Appellant's brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the *Jackson v. Virginia* legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 913 (Tex.Crim.App. 2010). Therefore, in the interests of

-4-

justice, and in light of the *Brooks* decision, we will construe Issue Six as a challenge to the legal sufficiency of the evidence. *See id*. at 898.

A legal sufficiency review requires the appellate court to determine whether, "[c]onsidering all of the evidence in the light most favorable to the verdict was a jury rationally justified in finding guilt beyond a reasonable doubt." *See Brooks*, 323 S.W.3d at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 3789, 61 L.Ed.2d 560 (1979). When conducting such a review, this Court is required to defer to the jury's role as the sole judge of witness credibility, and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899.

Appellant argues that the evidence is insufficient to support the conviction because the evidence indicated it was raining and slick driving conditions which were the sole cause of the collision. Appellant continues by arguing that there was no evidence to support the conclusion that the collision was caused by intoxication. We disagree with Appellant's view of the record. Officer Bentley, who conducted the DWI investigation at the crash site, testified that he was able to smell alcohol on Appellant's person, and that Appellant's eyes appeared bloodshot. The officer testified that Appellant performed three field sobriety tests, and that based on the results of those tests, Officer Bentley determined Appellant was intoxicated. Without interfering with the fact finder's role as the sole judge of weight and credibility, Officer Bentley's testimony constitutes evidence from which a reasonable fact finder could determine beyond a reasonable doubt that Appellant was intoxicated, and that his impairment caused the collision. Accordingly, we overrule Issue Six.

In Issues Two and Five, Appellant contends that his duel convictions for intoxication manslaughter (Count 1) and manslaughter (Count 2) are, in essence, two convictions for the same

offense in violation of the constitutional guarantee against double jeopardy. In its reply, the State concedes that the convictions involved the same incident and the same victim, and are therefore the same offense for double jeopardy purposes. In light of this error, the State requests that this Court vacate the manslaughter conviction (Count 2). *See Bigon v. State*, 252 S.W.3d 360, 372-73 (Tex.Crim.App. 2008)(When a defendant is subjected to multiple punishments for the same conduct in violation of double jeopardy, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions.). We agree with the parties' arguments. Issues Two and Five are sustained, and Appellant's conviction and sentence for manslaughter (Count 2) will be vacated.

Having sustained Issues Two and Five, we vacate Appellant's conviction and sentence for the manslaughter offense (Count 2). Appellant's remaining conviction and sentence for intoxication manslaughter (Count 1) is affirmed.

August 24, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)