# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00019-CR

**Ex parte Roxana Vanessa Rodriguez-Grimaldo**

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
NO. 12,761-A, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING**

## MEMORANDUM OPINION

Roxana Vanessa Rodriguez-Grimaldo appeals from the denial of her application for writ of habeas corpus. She contends that the trial court erred in denying her application, in which she contended that her trial counsel provided ineffective assistance of counsel and that the trial court handling the underlying matter failed to properly admonish appellant regarding the immigration consequences before she entered a guilty plea. We will affirm the trial court's denial of the application for writ of habeas corpus.

## Background

In 2007, appellant was charged with possession of cocaine and methamphetamine. On August 22, 2007, she pleaded guilty subject to the State's recommendation that adjudication of guilt be deferred and that she be placed on community supervision. She admitted that she did not "have legal status" in this country and said she understood the trial court's admonishment that, as a result of a conviction, she could be deported. In 2009, the trial court discharged her from her supervision term before its scheduled end. In 2011, however, the federal government found her

subject to removal from this country,[1] but allowed appellant to leave the United States voluntarily by September 28, 2011, which she did.

On October 8, 2011, appellant filed her application for a post-conviction writ of habeas corpus on the grounds that her plea proceeding violated her right to due process and her right to effective counsel because she was not properly admonished by the court or advised by her counsel of the consequence of her plea. *See* Tex. Code Crim. Proc. art. 26.13(a)(4) (court's admonishments); *Padilla v. Kentucky*, 130 S. Ct. 1473, 1483 (2010). The trial court considered the written application and denied it.

## Standard of review

This appeal is a review of a trial court's denial of an application for writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure. At trial, the applicant must prove facts by a preponderance of the evidence that she is entitled to relief. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). The trial court is the sole finder of fact. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 1996). The trial court is the exclusive judge of the credibility of the witnesses. *Ex Parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). This standard is true even when the

---

[1] The record presented is not clear on the basis for her removal. The strong implication from the record is that her guilty plea that preceded the deferred adjudication was the basis. *See Moosa v. I.N.S.*, 171 F.3d 994, 1001, 1006 (5th Cir. 1999) (guilty plea is considered a conviction for immigration purposes, even though Texas law does not consider such a plea a conviction if deferred-adjudication community supervision is completed); *see also* 8 U.S.C. § 1101(a)(48).

2

evidence is submitted by affidavit. *Ex Parte Manzi*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002). When reviewing the trial court's denial of an application for writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure, the appellate court must view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *See Ex Parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

**Analysis**

Appellant's contention that her trial counsel was ineffective for not fully advising her of the immigration consequences of her plea as held mandatory in *Padilla* fails because that holding does not apply to her case. Since briefing was filed in this case, the Supreme Court declared that its holding in *Padilla* did not apply to collateral challenges to convictions that were final when *Padilla* was handed down. *Chaidez v. United States*, 133 S. Ct. 1103, 1106 (2013). The Supreme Court concluded that its *Padilla* opinion announced a new rule of constitutional criminal procedure and could not be applied retroactively. *Id*. at 1113; *see also Teague v. Lane*, 489 U.S. 288, 301 (1999). The court of criminal appeals has adopted that holding for cases in state courts. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013) (*Padilla* did not apply to assistance of counsel regarding guilty plea resulting in 2004 final conviction). In this case, appellant pleaded guilty in 2007 and the court discharged her from further community supervision in 2009, finding that she had satisfactorily completed enough supervision to serve the ends of justice. Both events predate the 2010 *Padilla* opinion. *See Padilla*, 130 S. Ct. at 1473. Accordingly, the reasoning in *Padilla* does not apply to this case. *See De Los Reyes*, 392 S.W.3d at 679. Before *Padilla*, this Court had held that attorneys were not constitutionally required to counsel their clients regarding collateral

consequences of their pleas including deportation, and thus they could not be held ineffective for failing to do so. *See Hernandez v. State*, 986 S.W.2d 817, 821 (Tex. App.—Austin 1999, pet. ref'd). Appellant has not shown that her counsel was ineffective under the relevant law.

Appellant also complains that the trial court erred by finding that the original trial court's admonition complied with the Code of Criminal Procedure. Texas law requires courts, before accepting a guilty plea, to admonish the defendant of certain facts, including "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law . . . ." Tex. Code Crim. Proc. art. 26.13(a)(4). "The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id*. art. 26.13(d). In a document entitled "Guilty Plea Memorandum and Written Admonitions" bearing the signatures of appellant, her counsel, the trial judge, and the prosecutor, the trial court stated as follows:

> The Court inquired as to whether or not the Defendant was a citizen of the United States and informed him if it was determined that he was not a citizen of the United States, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

The document later provides as follows:

By signing this below, the Defendant acknowledges that Defendant has read the above admonitions with Defendant's attorney, that Defendant understands everything contained herein fully and that if Defendant did not understand something contained herein, Defendant's attorney explained it to defendant's complete satisfaction. Defendant further acknowledges that Defendant is satisfied with the representation given to Defendant by the undersigned attorney and is aware of the consequences of his or her plea of guilty.

Aside from the gender inaccuracy in the pronouns in the first passage, the language of the written admonishments tracks the relevant statutory language of article 26.13. Excerpts from the reporter's record of the plea proceeding attached to appellant's application for the writ contain the following exchange between the trial court and appellant:

THE COURT: Are you a United States citizen?

THE DEFENDANT: No.

THE COURT: Does she understand that as a result of a conviction in this case that it's possible she can be deported back to Mexico?

THE DEFENDANT: Yes

Through an interpreter, appellant affirmed that all of the papers she signed were read to her in a language she understands, and she later affirmed that her attorney explained them to her in Spanish and that she understood them, signed them freely and voluntarily, and swore to them before a clerk when required. Appellant recognized that her name was improperly abbreviated in the plea documents. In the habeas proceeding, appellant does not contest the genuineness of the plea documents, but swears in a supporting affidavit that "[i]f I had been aware of the immigration consequences, I would have fought the case." The trial court, as finder of fact, is charged with

5

making credibility determinations. We conclude that this record supports the habeas trial court's conclusion that the original trial court's admonitions complied with Code of Criminal Procedure article 26.13(a)(4).

## Conclusion

We affirm the denial of the application for writ of habeas corpus.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: June 5, 2013

Do Not Publish