Ramon **VILLARREAL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–661–CR.

Court of Appeals of Texas,
Corpus Christi.

April 22, 1993.

Rehearing Overruled May 20, 1993.

Edmund Cyganiewicz, Brownsville, for appellant.

Luis V. Saenz, County (Crim. Dist.) Atty., John A. Olson, Asst. (Crim. Dist.) Atty., Brownsville, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr. and GILBERTO HINOJOSA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant guilty of murder and assessed punishment at 99 years' confinement. By five points of error, appellant complains that the trial court denied him an interpreter, admitted evidence of an extraneous offense, allowed his spouse to testify, overruled his challenges to jurors, and prohibited him from discussing legal definitions during voir dire. We reverse and remand the case to the trial court for a new trial.

Appellant does not challenge the sufficiency of the evidence, and the points he raises do not require a discussion of the facts of the case.

By his first point of error, appellant complains that the trial court denied his request for an interpreter.

■ The right to confront witnesses includes the right to have trial proceedings translated to a language the accused can understand. *Baltierra v. State,* 586 S.W.2d 553, 558 (Tex.Crim.App.1979); *Vasquez v. State,* 819 S.W.2d 932, 937 (Tex. App.—Corpus Christi 1991, pet. ref'd). The trial court must, on motion by an accused found not to understand and speak English, provide a person to interpret for the accused. Tex.Code Crim.Proc.Ann. art. 38.-30(a) (Vernon Supp.1993). Even constitutionally conferred rights may be waived; an accused waives his right to complain about the lack of an interpreter when he does not object or file a motion for an interpreter, unless the trial court is aware that the defendant needs an interpreter. *Baltierra,* 586 S.W.2d at 559; *Vasquez,* 819 S.W.2d at 937.

■ The record shows that appellant appeared for trial and when his case was called, responded in Spanish with the word, "Presente." After the parties exercised their strikes and the jurors were sworn, appellant's retained counsel orally informed the trial court that appellant does not speak English, prompting this exchange:

DEFENSE COUNSEL: Your Honor, the defendant does not speak English and will need an interpreter during the course of the trial and when the witnesses testify.

COURT: Well, make due with what we got. He is not going to have an interpreter for the entire proceedings.

DEFENSE COUNSEL: We do request that, your Honor, as far as the—

COURT: I'll instruct you to get your own interpreter. We will provide one for the witnesses.

DEFENSE COUNSEL: Well, your Honor, the defendant needs one and he is entitled to one.

COURT: I will agree, but I will give you permission to get your own and allow—

DEFENSE COUNSEL: Your Honor, the defendant is indigent and unable to hire.

COURT: We have already crossed that bridge, Counsel. Thank you.

The trial commenced the following morning with the following discussion:

DEFENSE COUNSEL: I would like to report back to the Court on the interpreter situation. We had requested an interpreter.

COURT: That will be denied. Let the record show, Mr. Robertson, your client—I have determined that your client is not indigent. You are employed?

DEFENSE COUNSEL: Yes, your Honor.

COURT: Okay. It's already in the record. I am telling you that if he wants his own interpreter—Wait a second—if he wants his own interpreter, I will allow him to sit next to him. That's your expense. I am not going to tie the interpreter all the time. However, we will have the interpreter for the witnesses when they are testifying.

You understand the system here. Our interpreters are for all the courts here. We do not tie them up.

DEFENSE COUNSEL: I want to report back that the defendant is indigent and unable to hire an interpreter. I have inquired of his family members and none of them don't speak English. I don't have any volunteers.

COURT: I have made that ruling, so request will be denied.

Defendant was then arraigned and pleaded "not guilty." Defendant later testified through an interpreter. Under direct examination, appellant stated that he understands a little English, but cannot pronounce it well. When defense counsel asked appellant if he had been able to understand the testimony given during the trial, the trial court interrupted and ordered counsel to get to the facts of the case. During cross-examination, the State asked appellant if he understood some English, and he responded through the interpreter, "Yes. But I can't hear over on this side."

The statute which requires the appointment of an interpreter does not distinguish between indigent and non-indigent defendants; the right to have an interpreter appointed under the statute applies to all defendants. TEX.CODE CRIM.PROC.ANN. art. 38.30(a). Appellant timely objected to being tried without the benefit of an interpreter. The trial court recognized that appellant needed an interpreter. We hold the trial court erred by refusing to appoint an interpreter for appellant. We sustain appellant's first point of error.

Since appellant raises no point that requires acquittal, we will not address appellant's other points of error.

We REVERSE the judgment of the trial court and REMAND the case to the trial court for a new trial.