NUMBER
13-01-00677-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

THE STATE OF TEXAS,                                                       Appellant,

 

                                                   v.

 

FELIX PEDRAZA DIMAS,                                                     Appellee.

 

 

     On appeal from the 25th District Court of Gonzales County,
Texas.

 

 

                                   O P I N I O N

 

                  Before Justices Dorsey,
Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 

This is an appeal by the State from
the trial court=s order granting a motion to quash
the indictment filed by appellee, Felix Pedraza Dimas.  By a single point of error, the State
contends the trial court abused its discretion by granting the motion to quash,
because Dimas failed to overcome the presumption of regularity of a prior judgment.  We affirm.

                                                       A.  Facts








On June 21, 2001, Dimas was
indicted for the felony offense of driving while intoxicated (DWI).[1]  The indictment alleged that Dimas had two
prior DWI convictions in Liberty County: one on August 7, 1996, and another on
October 1, 1998.  Dimas filed a motion to
quash the indictment, contending that his rights had been violated at the
August 1996 DWI hearing because he did not understand English.  On September 10, 2001, the trial court heard
Dimas=s motion to quash.  Dimas testified that at the August 1996
hearing:  (1) he signed a document
waiving his rights to an appointed attorney and a jury trial, (2) no one spoke
to him in Spanish despite the fact that he communicated to the court almost
entirely in Spanish, and (3) no interpreter was provided.  At the conclusion of the hearing, the trial
court granted the motion to quash.

                                          B.  Standard
of Review

We review a trial court=s ruling on a motion to quash an
indictment under an abuse of discretion standard.  Thomas v. State, 621 S.W.2d 158, 163
(Tex. Crim. App. 1980); State v. Goldsberry, 14 S.W.3d 770, 772 (Tex.
App.BHouston [1st Dist.] 2000, pet. ref=d). 
That is, if a trial court=s ruling is within the zone of
reasonable disagreement, we will not disturb its ruling.  Feldman v. State, 71 S.W.3d 738, 755
(Tex. Crim. App. 2002) (citing Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1991)).  The zone of
reasonable disagreement involves a situation in which two reasonable men could
arrive at different inferences from the same common experience.  Hughes v. State, 24 S.W.3d 833, 843
(Tex. Crim. App. 2000).

                                                    C.  Analysis








The State contends the trial court
abused its discretion in granting Dimas=s motion to quash.  Specifically, the State asserts that Dimas
failed to overcome the presumption of regularity of a prior judgment.

A presumption of regularity of a
judgment exists absent evidence to the contrary.  Ex parte Wilson, 716 S.W.2d 953, 956
(Tex. Crim. App. 1986).  The burden is on
the defendant to overcome the presumption by presenting evidence to the
contrary.  Id.

At the hearing on the motion to
quash, Dimas presented evidence suggesting that his prior conviction was
unconstitutional.[2]  Dimas testified that he did not speak English
at the August 1996 DWI hearing, and an interpreter was not provided, causing
him to sign documents that he did not understand.

The State further argues that
because Dimas signed the papers and did not tell the court that he could not
speak English, he waived his rights to an attorney, an interpreter, and a jury
trial.  The State cites two cases, Villarreal
v. State, 853 S.W.2d 170 (Tex. App.BCorpus Christi 1993, no pet.) and
Vasquez v. State, 819 S.W.2d 932 (Tex. App.BCorpus
Christi 1991, pet. ref=d), in support of its contention
that Dimas waived his right to an interpreter when he did not object or file a
motion for an interpreter.  See
Villarreal, 853 S.W.2d at 171; Vasquez, 819 S.W.2d at 937.  We note that in both of these cases, the
defendants were represented by counsel.  See
Villarreal, 853 S.W.2d at 170; Vasquez, 819 S.W.2d at 932.








At the August 1996 hearing, Dimas
was without counsel or knowledge of the trial system.  See Baltierra v. State, 586 S.W.2d
553, 558 (Tex. Crim. App. 1979) (an indigent without knowledge of the trial
system cannot intentionally and knowingly waive rights).  Therefore, we cannot conclude that he
intentionally or knowingly waived his right to an interpreter.

After reviewing the entire record,
we conclude the trial court=s ruling is within the zone of
reasonable disagreement.  Accordingly, we
hold the trial court did not abuse its discretion by granting Dimas=s motion to quash the
indictment.  We overrule the State=s sole point of error.

We affirm the trial court=s order granting Dimas=s motion to quash the indictment.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Do not publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

12th day of September, 2002.











[1]
Tex. Pen. Code Ann.
'' 49.04(a),
49.09(b)(2) (Vernon Supp. 2002).





[2]
A person has a constitutional right to an interpreter to help
him understand the proceedings.  Baltierra
v. State, 586 S.W.2d 553, 557 (Tex. Crim. App. 1979).