NO. 12-03-00164-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ENRIQUE AGUIRRE,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION


 Enrique Aguirre ("Appellant") appeals his conviction for aggravated assault, for which he
was sentenced to imprisonment for eighteen years and fined five thousand dollars. Appellant raises
two issues on appeal. We affirm.


Background

 Appellant, while in a school yard, fired three shots at a car occupied by Antonio Gallegos. 
One shot fired by Appellant struck the car. Appellant was charged with aggravated assault and
initially pleaded "not guilty." However, after trial on the matter had commenced, Appellant changed
his plea to "guilty." Prior to entering Appellant's guilty plea, the trial court admonished Appellant,
during which the following exchange occurred: 


 THE COURT: 

 ....

 

 Now, we have a jury selected in this cause, but I understand that the Defendant wants to withdraw his case from
the jury and proceed to waive his right to jury trial on the issue of guilt or innocence and punishment, plead
guilty and allow for stipulated evidence to be presented; is that correct?


 MS. LACY: That's correct, Your Honor.


 THE COURT: And, Mr. Aguirre, is that what you want to do, sir?


 THE DEFENDANT: Yes, ma'am.


 ....


 THE COURT: By signing these documents, you're telling me you want to give up and waive your right to
a jury trial and you want to plead guilty and have a nonjury trial on the issue of punishment;
is that correct?


 THE DEFENDANT: Yes, ma'am.


 THE COURT: Is that what you want to do, sir?


 THE DEFENDANT: Yes, ma'am.


 THE COURT: You do read, write and understand English?


 THE DEFENDANT: Well -


 THE COURT: All right. Well, you've been talking to me throughout this proceeding and understanding me;
do you understand what I'm saying?


 THE DEFENDANT: Yes, ma'am.


 THE COURT Do you understand what your lawyer explained to you as you went over the documents,
right?


 THE DEFENDANT: Yes. 


 ....


Ultimately, the trial court sentenced Appellant to imprisonment for eighteen years and fined
Appellant five thousand dollars. This appeal followed.


Cruel and Unusual Punishment

 In his first issue, Appellant contends that the sentence imposed on him constituted cruel and
unusual punishment under both the Texas and United States Constitutions. Initially, we note that
Appellant made no objection to the trial court raising the issue of cruel and unusual punishment and
has, therefore, waived such an issue with respect to any alleged violation of his rights under the
Texas Constitution. See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Tex. R.
App. P. 33.1. However, even absent waiver, we conclude that Appellant's sentence did not constitute
cruel and unusual punishment. 

 The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.-Texarkana 1995, pet. ref'd); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.-Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant pleaded guilty
to aggravated assault, a second degree felony. See Tex. Pen. Code Ann. § 22.02 (Vernon 2003). 
The punishment range for such an offense is between two and twenty years. Id.; see also Tex. Pen.
Code Ann. § 12.33(a) (Vernon 2003). Here, the punishment assessed by the trial court falls well
within the range set forth by the legislature. Id. Therefore, the punishment is not prohibited as cruel,
unusual or excessive per se.

 Nonetheless, Appellant urges the court to perform the three-part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011. (1) The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court's decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.-Texarkana 1999, no pet.).

 In determining whether Appellant's sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). (2) In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant's mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 

 In the case at hand, the offense committed by Appellant - aggravated assault - was far more
serious than the offenses committed by the appellant in Rummel, while Appellant's eighteen year
sentence is far less severe than the life sentence upheld by the Supreme Court in Rummel. Thus, it
follows that if the sentence in Rummel was not unconstitutionally disproportionate, then neither is
the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the
threshold test to be satisfied, we need not apply the remaining elements of the Solem test. 
Appellant's first issue is overruled.


Provision of an Interpreter

 In his second issue, Appellant argues that the trial court erred by failing to appoint an
interpreter to explain Appellant's rights prior to his entering a guilty plea. When it is determined that
a person charged does not understand and speak the English language, an interpreter must be sworn
to interpret for him. See Tex. Code Crim. Proc. Ann. art. 38.30(a) (Vernon Supp. 2004). 
Providing an interpreter to an accused is rooted in the constitutional and statutory guarantees of
confrontation under the Constitution of Texas and of the United States. See Baltierra v. State, 586
S.W.2d 553, 558 (Tex. Crim. App. 1979). However, an accused waives his right to complain about
the lack of an interpreter when he does not object or file a motion for an interpreter, unless the trial
court is aware that the accused needs an interpreter. See Villarreal v. State, 853 S.W.2d 170, 172
(Tex. App.-Corpus Christi 1993, no pet.).

 In the instant case, the record reflects that Appellant neither objected to the trial court's
failure to provide an interpreter, nor moved to have the trial court appoint an interpreter. 
Furthermore, based on our review of the record, including the trial court's dialogue with Appellant
concerning his understanding of the English language and its determination that Appellant
understood what the court was saying to him, we conclude that there was no evidence that would
have caused the trial court to be aware that Appellant needed an interpreter. Therefore, we hold
Appellant has waived the issue. Id.; see also Tex. R. App. P. 33.1(a). Appellant's second issue is
overruled.

Conclusion

 Having overruled Appellant's issues one and two, we affirm the judgment of the trial court.


 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered December 23, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.







(DO NOT PUBLISH)


1. The strict application of the Solem test has been questioned since the Supreme Court rendered its opinion
in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). See Simmons, 944 S.W.2d at
15. The Texarkana Court of Appeals discussed the applicability of Solem in Davis v. State, and observed that five
members of the Supreme Court in Harmelin rejected application of the three-factor test. Id. (citing Davis, 905
S.W.2d at 664). However, the court in Davis nevertheless evaluated the sentence under the elements of Solem,
recognizing that seven of the justices in Harmelin still supported an Eighth Amendment prohibition against grossly
disproportionate sentences. See Davis, 905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th 

Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992) and Lackey v. State, 881 S.W.2d 418, 421
(Tex. App.-Dallas 1994, pet. ref'd)).
2. Incidentally, the Fifth Circuit has referred to Rummel as a "handy guide" to assist in conducting a
proportionality review. See McGruder, 954 F.2d at 317.