**Order issued May 8, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-12-01115-CR

_____

**JESUS GONZALEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1307888

## O R D E R

A jury found appellant, Jesus Gonzalez, guilty of the offense of murder,[1] and

the trial court assessed his punishment at confinement for fifty years.  Appellant

has moved this Court to abate his appeal and remand the case to the trial court for

_____

[1]     *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2011).

an evidentiary hearing on his new-trial motion, contending that the trial court abused its discretion in not holding a hearing on his motion.

We abate the appeal and remand the case for additional proceedings.

## Background

On January 4, 2013, appellant filed a new-trial motion, contending that his trial counsel provided him ineffective assistance in not calling any witnesses on his behalf in the punishment stage of trial. Appellant notes that he "readily admitted his responsibility and confessed his guilt," yet his trial counsel presented "no mitigation case." After the jury returned its guilty verdict against appellant, the State called three witnesses during the punishment phase of trial, and, "[r]ather than counter" the testimony, appellant's trial counsel, "simply rested and presented no witnesses . . . ." Appellant timely presented his new-trial motion to the trial court, which denied the motion without an evidentiary hearing on January 9, 2013.

## Standard of Review

We review a trial court's denial of a hearing on a new-trial motion for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009); *Washington v. State*, No. 01-11-00692-CR, 2012 WL 2512717, at *3 (Tex. App.— Houston [1st Dist.] June 28, 2012, order). The purposes of a new-trial hearing are

2

(1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). There is not an absolute right to such a hearing. *Id*. However, a trial court abuses its discretion in not holding a hearing if the new-trial motion and accompanying affidavits (1) raise matters that are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id*. A new-trial motion must be supported by an affidavit specifically setting out the factual basis for the claim. *Id*. "If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required." *Id*. But a supporting affidavit "need not establish a prima facie case, or even reflect every component legally required to establish relief." *Smith*, 286 S.W.3d at 339 (citation omitted). Rather, it "is sufficient if a fair reading" of the affidavit "gives rise to reasonable grounds in support of the claim." *Id*.

### Hearing on New-Trial Motion

In his motion to abate, appellant argues that the trial court erred in denying his request for an evidentiary hearing on his new-trial motion because "the reasons for trial counsel's decision not to present a mitigation case remain unclear, thus necessitating a hearing on the issue." The State argues that this Court may not

3

abate the appeal for the trial court to conduct an "out-of-time" evidentiary hearing on appellant's motion because we would have to suspend the Texas Rules of Appellate Procedure to do so and "[t]he traditional method for bringing an ineffective claim before this Court is to brief the merits of the issue in a direct appeal."

Here, the State does not challenge the fact that it cannot be determined from the record whether appellant's trial counsel had any particular strategy in mind in not presenting the jury with any mitigation evidence in the punishment phase of trial. Thus, in determining whether the trial court abused its discretion in denying appellant a hearing on his new-trial motion, we need only consider whether appellant's new-trial motion and accompanying affidavits establish reasonable grounds demonstrating that he could potentially be entitled to relief on his ineffective-assistance claim. *Id.*; *see also Washington*, 2012 WL 2512717, at *4.

In order to prove an ineffective-assistance claim, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and, but for his counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Smith*, 286 S.W.3d at 340. "Reasonable probability" is a "probability sufficient to undermine confidence in the outcome," meaning "counsel's errors were so serious

4

as to deprive the defendant of a fair trial, a trial whose result is reliable." *Smith*, 286 S.W.3d at 340. Thus, before a defendant will be entitled to a hearing on a new-trial motion alleging ineffective assistance, he must allege "sufficient facts from which a trial court could reasonably conclude both that counsel failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different." *Id*. at 340–41.

In his new-trial motion, appellant asserted that his trial counsel failed to interview or call numerous witnesses who were available and willing to testify on his behalf in regard to his punishment.[2] He attached 12 affidavits to his motion for new trial.[3] According to the translations of the affidavits, one affiant testified that

---

[2]   Appellant further contended in his new-trial motion that the trial court erred in not instructing the jury on the issue of "sudden passion" and a new trial is warranted in "the interest of justice." He does not assert either of these grounds as a basis for remanding the case for an evidentiary hearing.

[3]   The affidavits, which are all in Spanish, are accompanied by uncertified translations, apparently by staff members of the Harris County Public Defender's Office. These translations would not be sufficient to establish the admissibility of the affidavits into evidence. *See* TEX. R. EVID. 1009(a), (f). Nevertheless, appellant would have been entitled to the appointment of an interpreter to assist with providing live testimony to the trial court at a hearing on his motion, and the affidavits, coupled with the translations, were sufficient to inform the trial court that appellant had evidence to support his motion. *See* TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon Supp. 2012); *Leal v. State*, 782 S.W.2d 844, 849 (Tex. Crim. App. 1989); *Rodriguez v. State*, No. 05-10-00142-CR, 2011 WL 1744410, at *3–4 (Tex. App.—Dallas May 9, 2011, no pet.) (mem. op., not designated for publication); *Peralta v. State*, 338 S.W.3d 598, 606 (Tex. App.—El Paso 2010, no pet.); *Chia-Ochoa v. State*, No. 14-02-00857-CR, 2003 WL 21710444, at *2 (Tex.

5

he spoke with appellant's trial counsel and expected to be called to testify that appellant was a good father, son, uncle, brother, and husband. However, he was not called to testify. Eight other affiants testified that although they were not contacted by trial counsel or by an investigator, they would have been willing to testify that appellant was a peaceful, hard-working, and good family man; a good father, husband, brother, son, and friend; and he was nice to his children, calm, not aggressive or violent, and responsible. Another affiant echoed these sentiments, but did not specifically state that he was willing and available to testify. An additional affiant testified that no one contacted him regarding any possible testimony; appellant wanted to give his family, to whom he was dedicated, a good future; he was not violent or a drunk; and he wanted to foster a child from "Children International." Finally, two affiants, both of whom reside in Mexico, testified that appellant completed elementary and middle school, he studied to become a mechanic and received good grades, he was dedicated to his wife, and he had not had problems with anyone.

In his motion and supporting affidavits, appellant alleged facts which, if established at a hearing, would show that his trial counsel's representation was

---

App.—Houston [14th Dist.] July 24, 2003, pet. ref'd) (mem. op., not designated for publication); *Villarreal v. State*, 853 S.W.2d 170, 172 (Tex. App.—Corpus Christi 1993, no pet.); *see also* TEX. R. EVID. 1009(e) (authorizing admission of translation of foreign language document at trial by live testimony of qualified expert translator).

deficient and the deficient performance prejudiced appellant. First, the "failure to investigate and call any punishment witnesses amounts to deficient performance." *Shanklin v. State*, 190 S.W.3d 154, 165 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see also Milburn v. State*, 15 S.W.3d 267, 270 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (holding that failure to investigate and evaluate available punishment evidence amounts to deficient performance). Second, the failure to present any evidence of mitigating factors for the jury to consider to balance against the State's punishment evidence, including evidence of good character traits, such as taking care of a child, helping friends and relatives, being a good father, and being a hard worker, demonstrates prejudice. *See Shanklin*, 190 S.W.3d at 165; *Milburn*, 15 S.W.3d at 270–71. Thus, by presenting evidence to the trial court that his trial counsel failed to interview any of the available witnesses and the witnesses would have testified to positive character traits, appellant alleged sufficient facts to entitle him to an evidentiary hearing on his new-trial motion.[4] *See Smith*, 286 S.W.3d at 340–41.

---

[4]     Of course, appellant's trial counsel would be entitled to testify at the hearing to explain what investigation, if any, he conducted and any trial strategy he may have employed in not calling the witnesses. *See, e.g.*, *Hobbs v. State*, 298 S.W.3d 193, 202 (Tex. Crim. App. 2009) (stating defense counsel entitled to present his strategy on record); *see also Dillon v. State*, No. 12-06-00135-CR, 2007 WL 4216253, at *3–7 (Tex. App.—Tyler Nov. 30, 2007, pet. ref'd) (mem. op., not designated for publication) (concluding that trial counsel not ineffective based on decision not to call character witnesses other than defendant and defendant's wife because counsel made reasonable decision that character witnesses would not be effective in case involving child sexual assault and counsel did not ignore any

7

Accordingly, we hold that the trial court abused its discretion in not holding a hearing on appellant's new-trial motion. *See id.* at 340.

In regard to the State's argument that this Court may not abate the appeal for the trial court to conduct an evidentiary hearing on appellant's new-trial motion, we note that ample authority actually compels such an abatement of the appeal. Indeed, we "must not affirm or reverse a judgment or dismiss an appeal if: (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and (2) the trial court can correct its action or failure to act." TEX. R. APP. P. 44.4(a). In such a circumstance, we must direct the trial court to correct the error and then proceed as if the error had not occurred. *See id.* 44.4(b).

Here, the trial court's error prevents appellant from properly presenting his claim for ineffective assistance of counsel in his direct appeal to this court. *See* TEX. R. APP. P. 21.2; *Washington*, 2012 WL 2512717 at *5; *McCain v. State*, 995 S.W.2d 229, 245 n.9 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Toney v. State*, 783 S.W.2d 740, 742 (Tex. App.—El Paso 1990, pet. ref'd); *see also Cooks v. State*, 240 S.W.3d 906, 910 (Tex. Crim. App. 2007) ("Sometimes a motion for

---

promising leads after conferring with defendant); *Hills v. State*, No. 14-02-00379-CR, 2003 WL 21402606, at *2 (Tex. App.—Houston [14th Dist.] June 19, 2003, pet. ref'd) (mem. op., not designated for publication) (concluding that defendant failed to demonstrate ineffective assistance after trial counsel swore, in affidavit, that appellant refused to provide counsel with names of any witnesses who might be of assistance).

new trial is a necessary step to adduce facts not otherwise in the record, in order to be able to present these points of error based on those facts in the appeal."). Because the trial court can correct its error by holding an evidentiary hearing on appellant's motion, we may not reverse or affirm the judgment or dismiss the appeal until the trial court has corrected the error. *See* TEX. R. APP. P. 44.4. Therefore, we must direct the trial court to remedy the error, by holding an evidentiary hearing on appellant's new-trial motion before we issue a judgment and mandate in this case. *See* TEX. R. APP. P. 18.1 (requiring clerk of court to issue mandate in accordance with judgment), 43.2 (authorizing types of judgments by appellate courts), 44.4 (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal and to proceed as if error had not occurred); *see also* TEX. R. APP. P. 43.6 (authorizing appellate court to "make any other appropriate order that the law and the nature of the case require.").

The cases relied upon by the State in support of its argument are not on point. All but one of the cases cited by the State involved a situation in which the appellate court rejected an appellant's request, based on Texas Rule of Appellate Procedure 2, to file an out-of-time motion for new trial. *See Oldham v. State*, 977 S.W.2d 354, 359–60 (Tex. Crim. App. 1998); *Benson v. State*, 224 S.W.3d 485, 488, 493–95 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Bowler v. State*, 822

9

S.W.2d 334, 335 & n.2 (Tex. App.—San Antonio 1992, pet. ref'd); *Torres v. State*, 804 S.W.2d 918, 920 (Tex. App.—El Paso 1990, pet. ref'd), *overruled on other grounds*, *M.B. v. State*, 905 S.W.2d 344 (Tex. App.—El Paso 1995, no writ). In the other case, the appellate court declined to use rule 2 to abate the case for a hearing on a new-trial motion after the appellant had waived any complaint regarding the trial court's failure to hold such a hearing. *See Crowell v. State*, 949 S.W.2d 37, 38 (Tex. App.—San Antonio 1997, no pet.). Here, in contrast, appellant timely filed and presented his new-trial motion and the trial court erred in not holding an evidentiary hearing on the motion.

Accordingly, we must abate this appeal and remand the case to the trial court to conduct an evidentiary hearing. *See* TEX. R. APP. P. 44.4; *see also* TEX. R. APP. P. 43.6 (authorizing appellate courts to "make any other appropriate order that the law and the nature of the case require"); *Martinez v. State*, 74 S.W.3d 19, 22 (Tex. Crim. App. 2002) (concluding that trial court abused its discretion in failing to conduct hearing on new-trial motion, reversing court of appeals, and remanding with instructions to abate appeal and remand cause to trial court to conduct hearing on new-trial motion); *Taylor v. State*, 163 S.W.3d 277, 284 (Tex. App.—Austin 2005, pet. dism'd) (concluding that Texas Rule of Appellate Procedure 25.2(g) did not prohibit trial court from holding hearing on timely-filed new-trial motion, abating appeal, and remanding for evidentiary hearing); *Reyes v. State*, 82 S.W.3d

10

351, 353 (Tex. App.—Houston [1st Dist.] 2001, order) ("We agree that an abatement is proper to conduct a hearing to present the evidence that would have been introduced had a hearing on the motion for new trial been held.").

**Conclusion**

We grant appellant's motion, abate this appeal, and remand the case to the trial court. On remand, the trial court shall conduct an evidentiary hearing on appellant's new-trial motion within thirty days of the date of this order and at which a representative of the Harris County District Attorney's Office and appellant's counsel on appeal, Mark C. Kratovil, shall be present. Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, he may participate in the hearing by the use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[5]

If the trial court grants the motion, appellant's appeal will be dismissed. If the motion is overruled, the reporter's record is to be supplemented, and the parties will be permitted to brief any issues relating to the overruling of the motion that have not already been addressed in this opinion. Any ruling is to be included in a supplemental clerk's record and transmitted to this Court within thirty-one days

---

[5] On request of appellant, he and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

11

from the date of this order. This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing on the new-trial motion are filed with the Clerk of this Court.

It is so ORDERED.

**Per Curiam**

Panel consists of Justices Jennings, Bland, and Massengale.

Date: <u>May 8, 2013</u>