**Jose Guadalupe PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–99–00785–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 27, 2000.

Jorge G. Aristotelidis, Laredo, for appellant.

Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Jose Guadalupe Perez ("Perez") appeals his conviction for felony driving while intoxicated. In his sole point of error, Perez contends that he received ineffective assistance of counsel, rendering his plea involuntary. We overrule Perez's point of error and affirm the trial court's judgment.

### PROCEDURAL HISTORY

Perez was indicted for his third offense of driving while intoxicated which is a felony. Perez was not a U.S. citizen but was a legal resident. Perez resided in the U.S. since he was five years old and was thirty-three at the time of the offense. He has a wife and three children.

Perez signed the trial court's written admonishments that informed him that if he was not a U.S. citizen, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to the U.S. or denial of naturalization under federal law. In addition, at the plea hearing, the trial judge stated his understanding that Perez was not a U.S. citizen and verbally admonished Perez regarding the consequences of a plea of guilty.

Perez's trial attorney, Michael Sawyer, questioned Perez on the record at the plea hearing about their prior discussion about the effect of entering a guilty plea. Perez acknowledged that his decision was between trying the case and facing the possibility of deportation and a sentence of two to twenty years or accepting the State's plea bargain for four years with the possibility of probation. Sawyer summarized, "But either way you go, whether it's probation or a trial and you're convicted, either way you're facing a possibility of deportation." Perez acknowledged that he understood the possibility and pled guilty to the offense.

During the sentencing phase of the trial, Perez was represented by Walter Serna. Perez was sentenced to four years, in ac-

cordance with the plea bargain agreement, and was placed on probation for five years. After the trial court pronounced Perez's sentence, Serna stated, "Judge, for the record, he has a hold placed on him by immigration. When he gets that cleared up, Judge, then he's to report to the probation officer, if he stays here in the country?" The trial court agreed.

Perez then retained new counsel and filed a motion for new trial. The motion for new trial asserted that Perez's plea was involuntary because trial counsel misinformed him about the present state of law with regard to deportations following conviction for felony DWI. Perez asserted that if he had known that he would face automatic deportation, he would have proceeded to trial or negotiated for a lesser DWI offense. Perez attached the affidavit of Anne D. Monahan, an immigration lawyer, to his motion for new trial. Monahan stated that a felony driving while intoxicated offense was classified as a crime of violence in 1998, making a conviction an aggravated felony for immigration purposes. Monahan further stated that under current immigration law, a lawful permanent resident who is convicted of an aggravated felony is statutorily barred from applying for any form of relief from removal/deportation. Monahan asserted that deportation may be a collateral consequence in other circumstances when relief is available, but the current immigration law makes deportation a definite, immediate, and largely automatic consequence.

At the hearing on the motion for new trial, Monahan testified that prior to 1996, a waiver would be available to Perez that would permit him to readjust his status and remain in the country as a legal resident. In 1996, federal law was amended to remove the waiver, making deportation automatic if a legal resident is convicted of felony driving while intoxicated and receives a sentence for one year or more. Monahan stated that Perez would still have relief available if he had pled to a second offense DWI with 364 days in jail.

Sawyer also testified at the hearing on the motion for new trial. Sawyer testified that he made Perez aware of the immigration problem, and Perez told him that he had an immigration lawyer. Sawyer testified that he advised Perez to discuss the possibility of deportation with his immigration lawyer. Sawyer stated that Perez informed him that he believed he would be okay as long as he got probation. Sawyer stated that he was unaware that a guilty plea would result in automatic deportation and that if he had known, he would not have allowed Perez to plead guilty. Sawyer stated that he would either have set the case for trial or sought a plea bargain that would have prevented automatic deportation.

Perez testified that he would not have pled guilty if he had known deportation was automatic. He stated that he would have fought the case by going to trial.

The trial court denied the motion for new trial, and Perez timely filed his appeal.

### STANDARD OF REVIEW

■ The two part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Crim. App.1987). The voluntariness of a plea under this test depends on: (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases; and if not (2) whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997); *Ex parte Pool*, 738 S.W.2d at 286.

### DISCUSSION

■ The question posed in this case is whether Perez has met his burden to show that: (1) his trial counsel's failure to inform him that deportation was automatic rather than a possibility was outside the range of competence demanded of attorneys in criminal cases; and (2) but for his trial counsel's failure to inform him that deportation was automatic, Perez would not have pleaded guilty and would have insisted on going to trial.

■ Courts have held that while the Sixth Amendment ensures an accused of effective assistance of counsel in criminal prosecutions, this assurance does not extend to "collateral" aspects of the prosecution. *Ex parte Morrow*, 952 S.W.2d at 536. Counsel's failure to advise a defendant of the "collateral consequences" does not rise to the level of constitutionally ineffective assistance of counsel. *Ex parte Morrow*, 952 S.W.2d at 537.

■ Generally, a guilty plea is considered voluntary if the defendant was made fully aware of the direct consequences of his plea. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex.Crim.App.1999). It will not be rendered involuntary by lack of knowledge as to some collateral consequence. *See id.*

■ A consequence is collateral if it is not a definite, practical consequence of a defendant's guilty plea. *See Ex parte Morrow*, 952 S.W.2d at 536. Deportation is generally considered to be a collateral consequence. *See, e.g., State v. Jimenez*, 987 S.W.2d at 888–89; *Ex parte Morrow*, 952 S.W.2d at 536; *Hernandez v. State*, 986 S.W.2d 817, 821 (Tex.App.—Austin 1999, pet. ref'd).

In *Hernandez v. State*, the defendant made an argument similar to the one asserted by Perez. 986 S.W.2d at 821. In that case, Hernandez contended that "she was incorrectly told that a guilty plea *might* result in deportation, while in fact federal law makes deportation mandatory upon conviction for controlled substances offense." *Id.* The attorney who represented Hernandez testified that "he 'didn't know the exact ramifications of the plea' with regard to appellant's immigration sta-

tus, but told appellant before she pleaded guilty that 'she may be deported' because of the conviction and advised her to seek the advice of an immigration law expert." *Id.* In response to questioning regarding whether her attorney led her to believe that she would most likely be staying in the country after entering the plea, Hernandez responded, "He said that I have a chance, yes." *Id.* .

The Austin court of appeals noted the general rule that if a defendant is fully advised of the direct consequences of her plea, her ignorance of a collateral consequence does not render the plea involuntary. *See id.* The court then noted that deportation is a collateral consequence of a guilty plea. *See id.* The court held: "In this cause, appellant was not ignorant of the effect her guilty plea would have on her immigration status. By her own admission, she understood before pleading guilty that a conviction might lead to deportation. While appellant may have underestimated the likelihood of deportation, this did not render the guilty plea involuntary." *Id.*

The current state of the law, as pronounced in *Morrow* and *Jimenez,* dictates the result in this case. Deportation is a collateral consequence of a guilty plea, and trial counsel's failure to advise Perez of the likelihood of deportation does not rise to the level of constitutionally ineffective assistance of counsel. *See Jimenez,* 987 S.W.2d at 888–89; *Ex parte Morrow,* 952 S.W.2d at 537.

### CONCLUSION

The trial court's judgment is affirmed.