MEMORANDUM OPINION


No. 04-04-00628-CR

No. 04-04-00629-CR


EX PARTE JULIO CERNA


From the 227th Judicial District Court, Bexar County, Texas 

Trial Court Nos. 2000-CR-4666A & 2000-CR-4667A

Honorable Philip A. Kazen, Jr., Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Alma L. López, Chief Justice (dissenting without opinion)

 Catherine Stone, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: January 19, 2005


AFFIRMED



 Pursuant to a plea bargain, defendant, Julio Cerna, pled guilty to two offenses of possession
of a controlled substance and he was placed on probation. Defendant filed a post-conviction
application for writ of habeas corpus, asserting his plea was involuntary because he received
ineffective assistance of counsel. After a hearing, the trial court denied the application. We affirm.

DISCUSSION

 Defendant contends he would not have pled guilty but for the erroneous immigration advice
he received from his trial counsel and his immigration attorney. He alleges both attorneys told him
he would not be deported. We review a trial court's ruling on an application for writ of habeas
corpus under an abuse of discretion standard. Ex parte Peterson, 117 S.W.3d 804, 819 & n. 67 (Tex.
Crim. App. 2003). 

 The record on appeal does not contain a copy of the plea hearing; however, defendant's brief
quotes extensively from that hearing. Assuming, for the purpose of this opinion, that defendant's
recitation of the testimony at the plea hearing is accurate, it appears the trial court verbally
admonished defendant that a plea of guilty or nolo contendere could affect his citizenship and that
such a plea could result in deportation, exclusion from admission to this country, or denial of
naturalization under federal law. Defendant said he understood. Defense counsel informed the court
that he had referred defendant to an immigration lawyer for advice on how the criminal prosecution
would affect defendant's immigration status. According to defendant, the immigration lawyer told
him he could enter a plea to possession "without it affecting [his] right to remain in the country."
The trial court again warned defendant that "if immigration gets a hold of this and they decide to
institute deportation proceedings, regardless of your attorney's advice, you may in fact be deported
as a result of this plea[.]" Defendant again responded that he understood. At the writ hearing, (1)
defendant testified that he pled guilty because his trial counsel said the charges against him would
be reduced and he would not be deported. Defendant said that even though he understood everything
the judge told him during the plea hearing and he understood the risk of deportation, he still believed
he would not be deported. Defendant insisted he would not have pled guilty if he had known
otherwise.

 As a general rule, a guilty plea is considered voluntary if the defendant was made fully aware
of the direct consequences of his plea. State v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App.
1999). A guilty plea will not be rendered involuntary by lack of knowledge as to some collateral
consequence. Id. The deportation consequence of a guilty plea is generally considered a collateral
consequence. Id. at 888-89. The Sixth Amendment right to effective assistance of counsel in
criminal prosecutions does not extend to "collateral" aspects of the prosecution. Ex parte Morrow,
952 S.W.2d 530, 536 (Tex. Crim. App. 1997); Perez v. State, 31 S.W.3d 365, 367 (Tex. App.--San
Antonio 2000, no pet.). Counsel's failure to advise a defendant of the collateral consequences does
not rise to the level of constitutionally ineffective assistance of counsel. See id.

CONCLUSION

 Defense counsel referred defendant to an immigration lawyer. The trial court informed
defendant of the risk of deportation. Defendant admitted he understood the court's admonishments.
Nothing in this record supports a finding that defense counsel was ineffective. Furthermore, because
deportation is a collateral consequence of a guilty plea, even if trial counsel failed to advise
defendant of the likelihood of deportation, such a failure does not rise to the level of constitutionally
ineffective assistance of counsel. See Perez, 31 S.W.3d at 367-68. Accordingly, we affirm the trial
court's judgments.


 Sandee Bryan Marion, Justice

DO NOT PUBLISH
1. The record contains a transcript of the hearing on defendant's application for writ of habeas corpus.