COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-05-393-CR

 

 

EX
PARTE

 

HASAN M. ATIYEH                                                                              

                                                                                                        

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT
NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Hasan M. Atiyeh appeals from the trial court=s order denying him relief on his application for writ of habeas
corpus filed under article 11.072 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 11.072 (Vernon 2005).  We affirm.








Background Facts

Appellant was born in Kuwait
City, Kuwait.  He came to the United
States in 1994, and in 1996 he received a green card that is valid until
2011.  In 2000, appellant was indicted for
the felony offense of illegal redemption of food stamps of a value more than
$200 but pled guilty to the Class A misdemeanor of illegal redemption of food
stamps of a value less than $200. 
Pursuant to a plea bargain, the trial court placed him on deferred
adjudication community supervision for two years. 

On May 26, 2005, appellant filed an application for writ of habeas
corpus, contending that his guilty plea was involuntary and that he was denied
effective assistance of counsel because his trial counsel erroneously told him
that if he pled guilty to the lesser Class A misdemeanor offense, the
Immigration and Naturalization Service (INS) Awould not look at [the] plea or probation because it was not a
conviction.@  In an affidavit attached to his application,
appellant averred that before trial, he contacted an attorney in Dallas whom he
Abelieved to be knowledgeable in the area of immigration law,@ and she told him that if he Agot the charges reduced to a misdemeanor, [he] would suffer no adverse
consequences with respect to [his] immigration status.@  According to appellant, he
would never have pled guilty if he had known that he could be denied United
States citizenship or deported. 








Appellant further averred
that when he applied for citizenship in January 2001, he discovered that the
information he had received was erroneous. 
According to appellant, the INS asked him about the community
supervision and requested a copy of the judgment and sentence.  The INS has not yet reached a final decision
on his application for citizenship. 
According to appellant, he has consulted several immigration attorneys,
all of whom have told him that his guilty plea and sentence are having an
adverse effect on his citizenship application and green card and that he could
potentially be deported or denied re-entry into the United States as a result. 








The State submitted the affidavit of Michele Audet, appellant=s trial counsel, who averred that she Aexplained to [appellant] that there were no guarantees nor even
predictions as to what immigration would do. . . . [H]istorically any sentence
that was one (1) year or more, regardless if there was an adjudication or not
could be fertile grounds for deportation.@  She further averred that she Atold him that if his exposure to jail was one year or more on a
revocation or adjudication then this would also be a trigger for INS.@  According to Audet, appellant
assured her that he had consulted with an attorney who specialized in
immigration law, that the attorney Aadvised him that he would be okay in taking the plea,@ and that @[h]e
appeared to be satisfied and content with [the attorney=s] legal advice concerning the immigration issues.@  Audet=s affidavit concludes as follows:

We
discussed this and [appellant] was fully aware of the consequences of the
plea.  Furthermore, Judge Thornton who
routinely takes on the record always goes over this issue even after the attorneys
have discussed it.  It was my
understanding that [appellant] had obtained the information from the
Immigration Attorney and he was satisfied with her answer, despite anything
that I had to offer.  I believe he fully
understood the ramifications and what his choices were.  Even after being admonished by the Judge he
still insisted upon his plea.

 

Appellant signed written admonishments, which stated that A[i]f you are NOT a citizen of the United States of America, a plea of
guilty or nolo contendere for this offense may result in deportation, the
exclusion from admission to this country, or the denial of naturalization under
federal law.@[2]  By signing the admonishments,
appellant acknowledged as follows:  AI have received and reviewed the foregoing admonishments with my
attorney.  I understand each and every
admonishment and I have no questions of the Judge nor my attorney concerning
same.@ 

Standard of Review and Burden of Proof








We generally review a trial
court=s decision to grant or deny relief on a writ of habeas corpus under an
abuse of discretion standard of review.  Ex
parte Mann, 34 S.W.3d 716, 718 (Tex. App.CFort Worth 2000, no pet.); Ex parte Ayers, 921 S.W.2d 438, 440
(Tex. App.CHouston [1st
Dist.] 1996, no pet.).  However, Aan abuse of discretion review of trial court decisions is not
necessarily appropriate in the context of the application of law to facts when
the decision does not turn on the credibility or demeanor of witnesses.@  Ex parte Martin, 6
S.W.3d 524, 526 (Tex. Crim. App. 1999); see also Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Instead, an appellate court must conduct a de novo review when Athe trial judge is not in an appreciably better position than the
reviewing court to make that determination.@  Guzman, 955 S.W.2d at
87; see also Mann, 34 S.W.3d at 718. 
Here, the trial court=s decision was based at least in part on the credibility of appellant=s and Audet=s
affidavits; thus, we will review the trial court=s decision for an abuse of discretion. 
See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); Manzi
v. State, 88 S.W.3d 240, 243-44 (Tex. Crim. App. 2002).

To obtain habeas relief, the applicant must prove his allegations by a
preponderance of the evidence.  Ex
parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995); Ex parte Cummins,
169 S.W.3d 752, 757-58 (Tex. App.CFort Worth 2005, no pet.).








Analysis

A defendant=s election to plead guilty is not knowing and voluntary when based
upon the erroneous advice of counsel.  Ex
parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).  Here, the record shows that Audet did not
give appellant erroneous advice; rather, she advised him that his plea could
negatively impact his immigration status, and he was fully aware of those
consequences.  In addition, the trial
court appropriately admonished appellant regarding the potential negative
consequences, and appellant indicated that he understood.  We cannot say that appellant=s plea was not knowing and voluntary simply because he chose to rely
on the advice of an attorney other than his trial counsel when both his trial
counsel and the trial court explained the potential consequences of his guilty
plea to him and he indicated that he understood.








Moreover, deportation and
other adverse immigration consequences are generally considered to be
collateral consequences of a guilty plea. 
State v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999); Perez
v. State, 31 S.W.3d 365, 367 (Tex. App.CSan Antonio 2000, no pet.); see also Fruchtman v. Kenton, 531
F.2d 946, 949 (9th Cir. 1976) (holding that consequence is collateral if
imposed not by court that accepted plea but by another agency over which court
has no control and for which it is not responsible).  Any failure of counsel to advise a defendant
of the possibility of deportation or other collateral consequences of a guilty
plea does not render the plea involuntary. 
Jimenez, 987 S.W.2d at 888; Perez, 31 S.W.3d at 367; Hernandez
v. State, 986 S.W.2d 817, 823 (Tex. App.CAustin 1999, pet. ref=d).

We hold that appellant did
not prove by a preponderance of the evidence that he was entitled to relief
under article 11.072.  Thus, we affirm
the trial court=s order.

 

PER CURIAM

 

PANEL F: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 1, 2005











[1]See Tex.
R. App. P. 47.4.





[2]This admonishment tracks the
language of article 26.13(a)(4) of the code of criminal procedure, which
requires the trial court to admonish the defendant of potential immigration
consequences before accepting a plea of guilty or nolo contendere.  Tex.
Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon Supp. 2005).