EX PARTE ATIYEH

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-393-CR

EX PARTE

HASAN M. ATIYEH 

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Hasan M. Atiyeh appeals from the trial court’s order denying him relief on his application for writ of habeas corpus filed under article 11.072 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 11.072 (Vernon 2005).  We affirm.

Background Facts

Appellant was born in Kuwait City, Kuwait.  He came to the United States in 1994, and in 1996 he received a green card that is valid until 2011.  In 2000, appellant was indicted for the felony offense of illegal redemption of food stamps of a value more than $200 but pled guilty to the Class A misdemeanor of illegal redemption of food stamps of a value less than $200.  Pursuant to a plea bargain, the trial court placed him on deferred adjudication community supervision for two years. 

On May 26, 2005, appellant filed an application for writ of habeas corpus, contending that his guilty plea was involuntary and that he was denied effective assistance of counsel because his trial counsel erroneously told him that if he pled guilty to the lesser Class A misdemeanor offense, the Immigration and Naturalization Service (INS) “would not look at [the] plea or probation because it was not a conviction.”  In an affidavit attached to his application, appellant averred that before trial, he contacted an attorney in Dallas whom he “believed to be knowledgeable in the area of immigration law,” and she told him that if he “got the charges reduced to a misdemeanor, [he] would suffer no adverse consequences with respect to [his] immigration status.”  According to appellant, he would never have pled guilty if he had known that he could be denied United States citizenship or deported. 

Appellant further averred that when he applied for citizenship in January 2001, he discovered that the information he had received was erroneous.  According to appellant, the INS asked him about the community supervision and requested a copy of the judgment and sentence.  The INS has not yet reached a final decision on his application for citizenship.  According to appellant, he has consulted several immigration attorneys, all of whom have told him that his guilty plea and sentence are having an adverse effect on his citizenship application and green card and that he could potentially be deported or denied re-entry into the United States as a result. 

The State submitted the affidavit of Michele Audet, appellant’s trial counsel, who averred that she “explained to [appellant] that there were no guarantees nor even predictions as to what immigration would do. . . . [H]istorically any sentence that was one (1) year or more, regardless if there was an adjudication or not could be fertile grounds for deportation.”  She further averred that she “told him that if his exposure to jail was one year or more on a revocation or adjudication then this would also be a trigger for INS.”  According to Audet, appellant assured her that he had consulted with an attorney who specialized in immigration law, that the attorney “advised him that he would be okay in taking the plea,” and that ”[h]e appeared to be satisfied and content with [the attorney’s] legal advice concerning the immigration issues.”  Audet’s affidavit concludes as follows:

We discussed this and [appellant] was fully aware of the consequences of the plea.  Furthermore, Judge Thornton who routinely takes on the record always goes over this issue even after the attorneys have discussed it.  It was my understanding that [appellant] had obtained the information from the Immigration Attorney and he was satisfied with her answer, despite anything that I had to offer.  I believe he fully understood the ramifications and what his choices were.  Even after being admonished by the Judge he still insisted upon his plea.

Appellant signed written admonishments, which stated that “[i]f you are NOT a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.”
(footnote: 2)  By signing the admonishments, appellant acknowledged as follows:  “I have received and reviewed the foregoing admonishments with my attorney.  I understand each and every admonishment and I have no questions of the Judge nor my attorney concerning same.” 

Standard of Review and Burden of Proof

We generally review a trial court’s decision to grant or deny relief on a writ of habeas corpus under an abuse of discretion standard of review.  
Ex parte Mann
, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.); 
Ex parte Ayers
, 921 S.W.2d 438, 440 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  However, “an abuse of discretion review of trial court decisions is not necessarily appropriate in the context of the application of law to facts when the decision does not turn on the credibility or demeanor of witnesses.”  
Ex parte Martin
, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); 
see also Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Instead, an appellate court must conduct a de novo review when “the trial judge is not in an appreciably better position than the reviewing court to make that determination.”  
Guzman
, 955 S.W.2d at 87; 
see also Mann
, 34 S.W.3d at 718.  Here, the trial court’s decision was based at least in part on the credibility of appellant’s and Audet’s affidavits; thus, we will review the trial court’s decision for an abuse of discretion.  
See Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); 
Manzi v. State
, 88 S.W.3d 240, 243-44 (Tex. Crim. App. 2002).

To obtain habeas relief, the applicant must prove his allegations by a preponderance of the evidence.  
Ex parte Thomas
, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995); 
Ex parte Cummins
, 169 S.W.3d 752, 757-58 (Tex. App.—Fort Worth 2005, no pet.).

Analysis

A defendant’s election to plead guilty is not knowing and voluntary when based upon the erroneous advice of counsel.  
Ex parte Battle
, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991).  Here, the record shows that Audet did not give appellant erroneous advice; rather, she advised him that his plea could negatively impact his immigration status, and he was fully aware of those consequences.  In addition, the trial court appropriately admonished appellant regarding the potential negative consequences, and appellant indicated that he understood.  We cannot say that appellant’s plea was not knowing and voluntary simply because he chose to rely on the advice of an attorney other than his trial counsel when both his trial counsel and the trial court explained the potential consequences of his guilty plea to him and he indicated that he understood.

Moreover, deportation and other adverse immigration consequences are generally considered to be collateral consequences of a guilty plea.  
State v. Jimenez
, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999); 
Perez v. State
, 31 S.W.3d 365, 367 (Tex. App.—San Antonio 2000, no pet.); 
see also Fruchtman v. Kenton
, 531 F.2d 946, 949 (9th Cir. 1976) (holding that consequence is collateral if imposed not by court that accepted plea but by another agency over which court has no control and for which it is not responsible).  Any failure of counsel to advise a defendant of the possibility of deportation or other collateral consequences of a guilty plea does not render the plea involuntary.  
Jimenez
, 987 S.W.2d at 888; 
Perez
, 31 S.W.3d at 367; 
Hernandez v. State
, 986 S.W.2d 817, 823 (Tex. App.—Austin 1999, pet. ref’d).

We hold that appellant did not prove by a preponderance of the evidence that he was entitled to relief under article 11.072.  
Thus, we affirm the trial court’s order.

PER CURIAM

PANEL F:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 1, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
This admonishment tracks the language of article 26.13(a)(4) of the code of criminal procedure, which requires the trial court to admonish the defendant of potential immigration consequences before accepting a plea of guilty or nolo contendere.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(4) (Vernon Supp. 2005).