Affirmed and Memorandum Opinion filed February 10, 2009









Affirmed and Memorandum Opinion filed February 10,
2009.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00678-CR

_______________

 

EX PARTE SERGIO MARTIN PINEDA, Appellant

 

                                                                                                                                               


On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 832291-A

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

 

Challenging
the validity of his conviction for possession of a controlled substance,
rendered on a guilty plea for which deferred adjudication community supervision
was imposed, appellant, Sergio Martin Pineda, sought a writ of habeas corpus
under Texas Code of Criminal Procedure article 11.072.[1] 
The trial court denied relief.  In a single issue, appellant contends he
received ineffective assistance of counsel in relation to the guilty plea which
resulted in his conviction.  Because our disposition is based on clearly
settled law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

Factual and Procedural Background

On
January 1, 2000, police stopped appellant for speeding.  According to the
police report, after appellant exited his vehicle, he repeatedly put his hands
in his pockets despite being asked to stop, talked constantly, and acted
nervous.  Because of this behavior, a back-up officer patted appellant
down for weapons.  While patting appellant down, the officer reached into
appellant=s front right pants pocket and felt a small plastic bag containing a soft
substance.  The officer, who had previously worked as an undercover
narcotics officer, believed from his training that the bag contained
narcotics.  When he pulled the bag from appellant=s pocket, the officer saw it
contained a white powder.  The powder field-tested positive for
cocaine.  Appellant was charged with possession of less than one gram of a
controlled substance.

On
January 14, 2000, appellant pleaded guilty to possession of a controlled
substance, cocaine, weighing less than one gram.  The court deferred
adjudication of guilt, placed appellant on three years= community supervision, and imposed a
$500.00 fine.  The State subsequently filed three motions to adjudicate
guilt, and appellant=s deferred adjudication community supervision unsuccessfully
terminated on January 2, 2008.

On March
3, 2008, appellant filed an application for writ of habeas corpus.  He
challenged the validity of his conviction on the ground of ineffective
assistance of counsel.  He alleged counsel was ineffective because counsel
did not inquire about appellant=s immigration status and did not inform appellant about the
contents of the offense report.  After hearing argument, the trial court
denied the application.




Discussion

In a
single issue, appellant contends he received ineffective assistance of counsel
because his attorney failed to properly investigate appellant=s background and the events
surrounding the offense.  Appellant contends that, because of counsel=s ineffectiveness, his plea was not
voluntary.

We
determine the voluntariness of a plea by looking at the entire record.  See 
 Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  When
a defendant enters his plea on the advice of counsel and subsequently
challenges the voluntariness of his plea alleging ineffective assistance of
counsel, the voluntariness of the plea depends on (1) whether counsel=s advice was within the range of
competence demanded of attorneys in criminal cases and if not, (2) whether
there is a reasonable probability that, but for counsel=s errors, the defendant would not
have pleaded guilty and would have insisted on going to trial.  Ex
parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing Hill v.
Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668
(1984)).

In
evaluating effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Id.  There is a strong presumption counsel=s conduct fell within the wide range
of reasonable professional assistance.  Id.  Appellant bears
the burden of proving by a preponderance of the evidence that counsel was
ineffective.  Id.

 

Immigration
status. 
Appellant first argues counsel was ineffective for not inquiring about
appellant=s immigration status.  In his declaration, appellant stated his
attorney never asked about appellant=s nationality and assumed appellant
was a United States citizen when, in fact, appellant was a permanent
resident.  Appellant continued, AIf I knew that by agreeing and
signeing [sic] the papers that [my attorney] asked me to sign, I would later be
in a federal immagration [sic] detention center, I would hav [sic] asked the
lawyer to take a diffrent [sic] approach.@  In his affidavit, appellant=s counsel attested, AI was not aware that [appellant] was
not a United States citizen when he waived indictment and pled guilty . . . .
If I had been aware that [appellant] was not a United States citizen, I would
not have recommended a plea of guilty in this matter.@[2]

The
record, however, also shows, in conjunction with taking appellant=s plea, the trial court admonished
appellant pursuant to Texas Code of Criminal Procedure article 26.13. 
Among other paragraphs, appellant initialed paragraphs containing (1) an
admonishment about possible deportation, (2) an acknowledgment appellant
understood the admonishments, and (3) an acknowledgment appellant understood
the consequences of his plea.

Generally,
courts consider a guilty plea voluntary if the defendant was fully aware of the
direct consequences of the plea.  State v. Jimenez, 987 S.W.2d 886,
888 (Tex. Crim. App. 1999). Lack of knowledge about a collateral consequence
does not render the plea involuntary.  Id.  That a guilty plea
may result in deportation is generally considered a collateral
consequence.  Id. at 888B89.

 

Counsel
was under no duty to inform appellant of the collateral consequences of his
plea.  Morrow, 952 S.W.2d at 536.  Thus, appellant has not
proved by a preponderance of the evidence his counsel=s failure to inform him regarding
deportation was A>outside the wide range of competence demanded of attorneys in
criminal cases.=@  See id. at 537 (quoting Hill v. Lockhart,
474 U.S. at 56).  Therefore, trial counsel=s failure to advise appellant he
would be subject to deportation does not rise to the level of constitutionally
ineffective assistance of counsel.  See id.; Perez v. State,
31 S.W.3d 365, 368 (Tex. App.CSan Antonio 2000, no pet.).

Appellant
distinguishes his case from Perez on the ground that, in appellant=s case, counsel attested he would not
have advised appellant to plead guilty had he known appellant was not a United States citizen.  In support, he cites Butler v. State, 716 S.W.2d 48, 55B56 (Tex. Crim. App. 1986).  Butler,
however, involved an attorney=s failure to investigate the facts of the charged robbery;
and, at the hearing on the motion for new trial, two of the witnesses counsel
failed to interview testified the defendant was not the man they saw leaving
the scene immediately after the robbery and identified another man, by name, as
the robber.  Id. at 56.  Butler is inapposite.

Investigation
of facts surrounding the traffic offense.  Appellant also argues counsel was ineffective
for failing to investigate the facts of the Aoffense,@ by which he apparently means the
traffic offense leading to his arrest.  Appellant asserts counsel=s affidavit Aestablishes that no investigation of
any type was done in [appellant=s] case.@  He further represents that, in his own declaration, he
stated he was not speeding.

Counsel=s affidavit refers only to counsel=s lack of knowledge of appellant=s immigration status.  There is
no reference to investigating or failing to investigate the facts of appellant=s arrest for the traffic
offense.  Appellant=s declaration contains the following:  AIn the morning of January 1, 2000 I
was driveing [sic] on F.M [sic] 529-HWY going west bound a [sic] 35 to 40 mph
on a 45 mph zone.@

 

Appellant
contends counsel was ineffective for not investigating the following:  (1)
whether there was a posted speed limit, (2) what the posted speed limit was,
and (3) what exactly the officer felt during the pat down.  As stated
above, any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson, 9 S.W.3d at 813.  Even were we to
assume appellant could establish deficient performance in relation to
investigation of the traffic offense, he has failed to establish prejudice
because he has presented no more than speculation regarding how such an
investigation would have benefitted the defense.  See  Miranda v.
State, 993 S.W.2d 323, 328 (Tex. App.CAustin 1999, no pet.).

Appellant
has not established ineffective assistance of counsel in relation to either
counsel=s investigation of appellant=s immigration status or facts
surrounding the traffic offense which led to discovery of the cocaine.  We
overrule appellant=s sole issue.

The
trial court=s order is affirmed.

 

 

 

/s/        Charles
W. Seymore

Justice

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 














[1]  Article 11.072 Aestablishes the procedures for an application for a writ of habeas
corpus in a felony or misdemeanor case in which the applicant seeks relief from
an order or a judgment of conviction ordering community supervision.@  Tex. Code Crim. Proc. Ann. art. 11.072, ' 1 (Vernon 2005).  As relevant to appellant, A[a]t the time the application is filed, the applicant
must be, or have been, on community supervision, and the application must
challenge the legal validity of . . . the conviction for which or order in
which community supervision was imposed . . . .@  Id. ' (2)(b)(1).





[2]  These statements relate to the second prong of
the Hill/Strickland/Morrow test.  See Ex parte Morrow, 952
S.W.2d 530, 536 (Tex. Crim. App. 1997).  Whether counsel was obligated to
inform appellant of the consequence of deportation relates to the first
prong.  See id.