Affirmed and Memorandum Opinion filed May 28, 2009








Affirmed and Memorandum Opinion filed May 28, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00572-CR

____________

 

HECTOR MANUEL VEGA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court At Law No. 14

Harris County, Texas

Trial Court Cause No. 1509368

 



 

M E M O R A N D U M   O P I N I O N

Appellant pleaded guilty to the misdemeanor offense of drag
racing.  The trial court accepted appellant=s plea of guilty
and sentenced him to sixty days in county jail.  Thereafter, appellant filed a
motion for new trial, which was denied without an evidentiary hearing.  The
trial court amended the certification of appellant=s right to appeal
and gave him limited permission to appeal the denial of the motion.  On appeal,
appellant contends that the trial court abused its discretion by denying his
motion for new trial because his plea of guilty was involuntary and he received
ineffective assistance of counsel during the plea proceedings.   We affirm the
trial court=s denial of appellant=s motion. 








I.  BACKGROUND[1]

In 2007, appellant was convicted of criminally negligent
homicide and sentenced to eight years in prison.  Appellant=s sentence was
fully suspended, and he was placed on probation for eight years.  The following
year, appellant was arrested and charged with  misdemeanor drag racing,
prompting the State to file a motion to revoke appellant=s probation.  In
its revocation motion, the State alleged that appellant violated three
conditions of his probation by (1) committing the criminal offense of drag
racing, (2) failing to timely submit a letter of apology, and (3) failing to
timely submit to an evaluation of his educational skill level.  The felony
probation revocation case was pending in the 230th District Court, while the
misdemeanor racing case was before the County Criminal Court at Law No. 14.  

On April 21, 2008, the 230th District Court held a hearing
on the State=s revocation motion.  The State presented evidence of
appellant participating in a drag race and his failure to timely submit a
letter of apology and complete an educational evaluation.  Appellant and Daniel
Bustos, the other motorist participating in the alleged drag race, also
testified at the revocation hearing; both testified that appellant was not drag
racing.  Appellant further disputed the State=s evidence
regarding his completion of the required educational evaluation and submission
of his letter of apology.  At the conclusion of the revocation hearing, the
230th District Court found each of the State=s allegations true
and revoked appellant=s probation.  Appellant was sentenced to
eight years in prison and assessed an $8,000 fine.  Appellant appealed the
felony court=s judgment.[2] 









The day
after the 230th District Court revoked appellant=s probation, appellant appeared
before the County Criminal Court at Law No. 14 and pleaded guilty to the
misdemeanor racing offense.  Based on appellant=s plea and admission of guilt, the
trial court found appellant guilty and sentenced him to sixty days in county
jail.  Appellant
subsequently filed a motion for new trial in the misdemeanor case, arguing that
(1) his plea of guilty was involuntary and (2) trial counsel rendered
ineffective assistance during the plea proceedings.  In support of his motion,
appellant attached two affidavits, one from appellant and the other from trial
counsel.  In appellant=s affidavit, he stated that trial counsel
represented him in the probation revocation case and the underlying misdemeanor
case.  Appellant averred that trial counsel failed to advise him that his
guilty plea in the racing case could be used against him in the event that his
appeal on the probation revocation case is reversed and remanded for a new
revocation hearing.  Appellant further stated that if he had been so advised,
he would not have pleaded guilty.  Trial counsel stated in his affidavit that
he did not advise appellant that the guilty plea could be used against him if a
new revocation hearing was granted as a result of a successful appeal in the
probation revocation case, but was unaware that appellant intended to appeal
the felony court=s judgment revoking his probation. 

The trial court denied appellant=s motion without a
hearing and amended the certification of appellant=s right to appeal
to permit appellant to file a limited appeal from its ruling on the motion.[3] 
In two issues, appellant claims that his guilty plea is invalid due to trial
counsel=s ineffective
assistance in failing to advise him of the consequences that a guilty plea in
his misdemeanor racing case could have on his pending appeal in the probation
revocation case.[4]









II.  STANDARD OF REVIEW

An appellate court reviews a trial court=s denial of a
motion for new trial under an abuse-of-discretion standard.    See State v.
Herndon, 215 S.W.3d 901, 906B07 (Tex. Crim.
App. 2007); Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App.
2001).  We do not substitute our judgment for that of the trial court, but
rather decide whether the trial court=s decision was
arbitrary or unreasonable.  Webb v. State, 232 S.W.3d 109, 112 (Tex.
Crim. App. 2007).  The trial court abuses its discretion in denying a motion
for new trial only when no reasonable view of the record would support the
trial court=s ruling.  Id.

III.  INEFFECTIVE ASSISTANCE OF COUNSEL

To prove ineffective assistance of counsel, appellant must
show by a preponderance of the evidence that: (1) his counsel=s performance was
deficient because it fell below an objective standard of reasonableness; and
(2) there was a reasonable probability that, but for counsel=s errors, the
result of the proceeding would have been different.  Strickland v.
Washington, 466 U.S. 668, 687 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005).  The two-part test announced in Strickland
applies to challenges to guilty pleas based on ineffective assistance of
counsel.  Hill v. Lockhart, 474 U.S. 52, 58B59 (1985).  In the
context of a claim that the defendant=s plea is
involuntary due to ineffectiveness, the defendant must show that (1) counsel=s advice was
outside the range of competency demanded of attorneys in criminal cases and (2)
but for counsel=s erroneous advice, the defendant would
not have pleaded guilty and instead insisted on going to trial.  Id.;
Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).








There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
We also indulge a strong presumption that counsel=s actions were
motivated by sound trial strategy, and we will not conclude the action was
deficient unless it was so outrageous that no competent attorney would have
engaged in such conduct.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001) (quoting Strickland, 466 U.S. at 687).  In the absence
of evidence regarding counsel=s reasons for the challenged conduct, the
record on direct appeal is simply undeveloped and cannot adequately reflect the
alleged failings of trial counsel.  Freeman v. State, 125 S.W.3d 505,
506B07 (Tex. Crim.
App. 2003).

A.  Limited Record on Appeal

To overcome the presumption of effective assistance,
appellant primarily relies on the two affidavits attached to his motion for new
trial.  However, ineffective assistance of counsel claims must be firmly
founded in the record, and the mere filing of a motion for new trial with
affidavits is not evidence.  See Lamb v. State, 680 S.W.2d 11, 13 (Tex.
Crim. App. 1984); Burrus v. State, 266 S.W.3d 107, 112 (Tex. App.CFort Worth 2008,
no pet.).  This is not to say that affidavits may not serve as proof on a
motion for new trial.  To constitute evidence, the affidavit must be
introduced as evidence at an evidentiary hearing on the motion.  McIntire v.
State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985); State v. Krueger,
179 S.W.3d 663, 667 (Tex. App.CBeaumont 2005, no pet.); Jackson v. 
State, 139 S.W.3d 7, 20 (Tex. App.CFort Worth 2004,
pet. ref=d); Martins v.
State, 52 S.W.3d 459, 468 (Tex. App.CCorpus Christi
2001, no pet.).  Moreover, it is the movant=s burden to secure
such evidentiary hearing.  See Burrus, 266 S.W.3d at 115.  Accordingly,
the defendant is generally required to set a hearing on his motion for new
trial in order to introduce affidavits to the trial court so that they may
considered as evidence by an appellate court on review.[5] 
McIntire, 698 S.W.2d at 658.  








Although appellant in this case timely filed a motion for
new trial, no hearing was held on the motion and appellant did not otherwise
attempt to offer the affidavits as evidence to the trial court.  Additionally,
appellant does not argue that failure to grant a hearing on the motion was
reversible error.  Consequently, we have no authority to consider the
affidavits as evidence in support of appellant=s ineffective
assistance claim and therefore do not consider the affidavits of appellant and
trial counsel.  See Jackson, 139 S.W.3d at 20B21. 

With the limited record before us, we now turn to the
question whether appellant met his burden to prove by a preponderance of the
evidence that (1) trial counsel=s failure to inform him of the potential
uses and consequences of his guilty plea in the pending appeal of his probation
revocation case was outside the range of competence demanded of attorneys in
criminal cases; and (2) but for defense counsel=s errors, he would
not have pleaded guilty and would have insisted on going to trial.  See Hill,
474 U.S. at 58B59; Morrow, 952 S.W.2d at 536.  We first
address trial counsel=s performance during the plea proceedings.

B.  Trial Counsel=s Performance

Trial counsel must advise a defendant of the direct
consequences to a guilty plea.  Mitschke v. State, 129 S.W.3d 130, 132
(Tex. Crim. App. 2004); Jackson, 139 S.W.3d at 14.  A guilty plea is
considered voluntary if the defendant was made fully aware of the direct
consequences of his plea.  State v. Jimenez, 987 S.W.2d 886, 888 (Tex.
Crim. App. 1999).  However, a defendant=s ignorance of a
collateral consequence does not render the plea involuntary if he is fully
advised of the direct consequences of his plea.  Id.; Morrow, 952
S.W.2d at 536 (Awhile the Sixth Amendment assures an
accused of effective assistance of counsel in criminal prosecutions, this
assurance does not extend to >collateral= aspects of the
prosecution@); Perez v. State, 31 S.W.3d 365, 367 (Tex.
App.CSan Antonio 2000,
no pet.); State v. Vasquez, 889 S.W.2d 588, 590 (Tex. App.CHouston [14th
Dist.] 1994, no pet.).  A collateral consequence is one that is not a definite,
practical consequence of a defendant=s guilty plea,
while a direct consequence is defined as a consequence that is definite and
largely or completely automatic.  Mitschke, 129 S.W.3d at 135; Morrow,
952 S.W.2d at 536. 








The Court of Criminal Appeals opinion in Morrow is
directly on point.  952 S.W.3d 530.  In Morrow, the defendant was
charged with four offenses: capital murder, two attempted capital murders, and
aggravated robbery.  Id. at 533.  The capital murder charge was disposed
of first, with the defendant being found guilty and sentenced to death by a
jury.  Id.  The defendant appealed his murder conviction, and while that
conviction was on appeal, the defendant pleaded guilty to the three remaining
charges.  Id.  Years later, the defendant=s capital murder
conviction was reversed, and he was eventually retried.  Id.  During the
second capital murder trial, the State offered into evidence his three guilty
pleas, judicial confessions, and sentences.  Id.  The defendant filed a
post-conviction application for writ of habeas corpus, challenging the
voluntariness of his three guilty pleas on the basis that trial counsel had
rendered ineffective assistance by not advising him Aprior to the entry
of his guilty pleas, that such pleas could be used [against him] at a potential
capital murder retrial.@  Id. at 535.  The Court of
Criminal Appeals rejected the defendant=s ineffective
assistance claim, concluding that  Acounsel was under
no duty to inform [him] of the various ways his three guilty pleas could be
used against him at a possible capital murder [re]trial because such use is >collateral.=@  Id. at
536.  








Like the defendant in Morrow, the consequence of
appellant=s plea in this case is attenuated and speculative. 
Because appellant=s probation had already been revoked and
resolved by the 230th District Court, his subsequent guilty plea in the
misdemeanor case had no direct or automatic consequence on the probation
revocation case.  Compare Jackson, 139 S.W.3d at 19 (appellant=s guilty plea in
one case had a direct and automatic consequence on another case still
pending before the trial court at the time of the guilty plea).  For
appellant=s guilty plea to be used against him, an appeal must
be filed and an appellate court must reverse and remand the case for a new
revocation hearing.  Under Hill and Strickland, it is not enough
for appellant to show that his guilty plea could have some conceivable effect
on the outcome in a separate proceeding that may or may not occur.  See
Kober v. State, 988 S.W.2d 230, 232B33 (Tex. Crim.
App. 1999) (reasoning that some possibility that an error might affect the
proceedings is insufficient to show ineffective assistance).  Following Morrow,
we hold that counsel was under no duty to inform appellant of the various ways
that the guilty plea in the misdemeanor case could be used against him at a
possible new revocation hearing because such consequence is collateral, and not
a definite, automatic consequence of his guilty plea.[6] 
See Mitschke, 129 S.W.3d at 135; Morrow, 952 S.W.2d at 536.

On this record, appellant has not proven by a preponderance
of the evidence that counsel=s alleged failure to advise him of the
various ways his guilty plea could be used against him in a potential
revocation hearing on remand, was Aoutside the wide
range of competence demanded of attorneys in criminal cases.@  Hill, 474
U.S. at 56; Morrow, 952 S.W.2d at 536B37.  Because
appellant has failed to prove the first Hill prong, we do not reach the
second prejudice prong.  See Morrow, 952 S.W.2d at 537.  We overrule
appellant=s first and second issues and affirm the trial court=s denial of
appellant=s motion for new trial.

 

/s/      Adele Hedges

Chief Justice

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Our appellate record contains no reporter=s record and only a sparse clerk=s record.  Thus, the background section is derived
from the clerk=s record and from uncontested factual assertions in
the parties= briefs.  See Tex. R. App. P. 38.1(g).  In
reciting the facts from the briefs, we merely present the uncontested factual
assertions necessary to understand the legal issues presented by appellant, but
do not accept such assertions as fact on appeal unless supported by the clerk=s record.





[2]  Appellant=s
probation revocation appeal is pending before this court in cause number
14-08-00772-CR. 





[3]  The record is unclear as to whether appellant=s motion for new trial was denied by written order or
by operation of law.  There is no signed order in the clerk=s record; however, the amended certification of
appellant=s right to appeal states that appellant has the right
to appeal Afrom the trial court=s order on motion for new trial.@ 





[4]  Appellant argues ineffective assistance in his first
issue, and his second issue complains that the trial court erroneously denied
his motion for new trial for the same reason.  Because appellant=s appeal was limited to only the trial court=s ruling on the motion for new trial, our review is
limited accordingly.





[5]  Although inapplicable here, we note a limited
circumstance in which an appellate court may review an affidavit where no
hearing is held in the trial court: if a trial court does not hold a hearing on
a motion for new trial and the movant complains on appeal that the trial
court committed reversible error by refusing to hold a hearing on the motion,
the appellate court may review affidavits attached to a motion for new trial
for the limited purpose of determining whether the affidavits
presented matters that should have been taken up in a hearing.  See Martinez
v. State, 74 S.W.3d 19, 21B22 (Tex. Crim.
App. 2002); Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App.
1993).  Because appellant in this case does not claim that the trial court
committed reversible error in failing to hold a hearing on the motion, we
cannot review the affidavits for that limited purpose or otherwise. 





[6]  Additionally, there is nothing in the record concerning what trial
counsel did or did not explain regarding appellant=s plea of guilty, yet the record
does reflect that appellant understood, by his signature on the written plea
document, Athat if [he was] on community
supervision or parole, [his] plea of guilty/nolo contendere may result in the
revocation of [his] community supervision or parole resulting in his further
confinement.@  Appellant further affirmed by his
signature that he was satisfied with trial counsel and entered into the plea of
guilty knowingly, voluntarily, and freely.